DANIEL McAVOY, Plaintiff in Error, *v.* WILLIAM H. LONG et al., Defendants in Error.

ERROR TO MORGAN.

Where the parties contracted for the excavation of a ditch, and agreed by the contract that a particular person should ascertain the quantity excavated, his measurement is conclusive.

Unless a contract contains technical terms known and understood only by scientific persons, the court will construe the contract without the aid of witnesses to explain its meaning.

A person selected by a contract to measure work, may refer to the contract to ascertain how he should make the measurement; but his construction of the manner of measuring the work would not be conclusive upon the parties, though his estimate, if fairly made in the manner pointed out by the contract, would conclude them.

THIS case was submitted upon the following agreed state of facts.

Be it remembered, that the plaintiff, (McAvoy,) declared against the defendants in assumpsit, on the following contract of the parties, to wit:

MEREDOSIA, Ill., 6th November, 1850.

We, the undersigned, committee for digging ditch near Meredosia, to drain Illinois bottom, do agree to pay Mr. Daniel McAvoy the sum of $12\frac{1}{2}$ cents per cubic yard of earth, measuring excavation in following manner, from the centre to the one side, then to the other from centre also, thus: the above measurement to be made by David L. Hodges; also, we agree to pay, every two weeks, as the work progresses, retaining twenty-five per

centum till the work is finished. The ditch, being more or less than two miles, Mr. McAvoy has exclusive right to the whole length of it. The above ditch to be made according to the directions of W. H. Long, Gideon Sibert, and J. C. Thompson; and to be commenced forthwith, and prosecuted to completion as soon as possible.

DANIEL McAVOY,
W. H. LONG,
J. C. THOMPSON,
GIDEON SIBERT.

And the defendants pleaded the general issue, with notice of set-off, by consent of parties. The cause was submitted to the Judge, (WOODSON presiding,) to try matters of fact and law. It is agreed that the plaintiff, under the contract, caused to be dug a ditch, 652 rods long, six feet wide at the top, three feet wide at the bottom, and of the average depth of 20 1-10 inches. As the work progressed, from time to time, and before it was measured, the defendants paid the plaintiff on account of it, $406.95. The plaintiff then produced as a witness, and proved by the said David L. Hodges, named in said contract, that, according to his interpretation and understanding of the same, he had measured said work, and that there were contained in it 3,003 1-4 cubic yards. The plaintiff then produced as a witness, and offered to prove by Napoleon Koscialowskie, an expert engineer, that, according to the terms of the contract sued on, and the length and depth of the ditch in said contract mentioned, there were 6,125 yards of excavation in said ditch, which was objected to by the defendants, and the objection was sustained by the court, and the offered evidence was rejected. The court decided that, from the terms of the contract, the parties had referred the whole matter to David L. Hodges, as to the rule to be adopted for the measurement of the ditch, and as to the construction of the contract touching the mode of measurement; and that the plaintiff ought not to be permitted by other witnesses, experts or others, to show or prove that the rule of construction adopted by said Hodges, or that the measurement made by him was not according to a proper construction of said contract, and that the measurement made by him was not

McAvoy *v.* Long et al.

the correct measurement of the work, according to a proper construction of said contract; but the parties were bound by his rule of measurement, and by his construction of the contract. To which opinion of the court the plaintiff at the time excepted; this being all the evidence given and offered in the case, the Judge rendered a *pro formâ* judgment against the plaintiff, and in favor of the defendants, for $31.55, and the costs of this agreed case; from this judgment McAvoy appealed. If there was no error in the decision of the court below, then the judgment should be affirmed; if there was error, then the case was to be remanded to the Circuit Court of Morgan county, for trial.

M. McConnel, for plaintiff in error.

This man, Hodges, was regarded by the Circuit Court as an arbitrator or judge, chosen by the parties to decide this matter, and his decision or measurement must be final, and could not be revoked by either party; and defendants rely upon the case of Ballance *v.* Underhill, 3 Scam. 453. See Frink et al. *v.* Ryan, Id. 324, 328.

Hodges was not an umpire; he was a mere agent of the parties; not to do a judicial act, but perform a corporeal service — to measure the ditch, and report its dimensions, according to a rule given in the contract.

A submission to an umpire can only be of some matter in dispute between the parties, at the time the submission was made. When this reference was made to Hodges, there was no matter in dispute between the parties. Caldwell on Arbitration, p. 16; Story on Contracts, § 987.

*Query.* If Hodges is an umpire or arbitrator, and this matter is referred to him, and can be decided by no one else, and one of the parties die, and the reference is thereby revoked, who then must measure the ditch? Cald. Arbit. p. 30.

Every contract should be so interpreted as to arrive, as near as possible, at the intention of the parties contracting; and when the parties use technical language, commonly used in any particular science, or any plans, figures, or signs, to which a mean-

13*

ing in science is affixed, persons learned in that science are to be called to explain their meaning, whereby the court or jury can arrive (in the interpretation of the contract) at the intention of the parties.

BROWN & YATES, for defendants in error.

To establish the point, that the measurement of the ditch by Hodges was conclusive, and that neither party will be permitted to prove that the arbitrator decided wrong, either as to the facts or law of the case, defendant relies upon the following authorities : Winship *v*. Jewet, 1 Barb. Ch. Rep. 173 ; Jackson *v*. Ambler, 14 Johns. R. 105 ; Id. 7 Cowp. R. 185 ; Speer *v*. McChisney, 2 Watts & S. Rep. 233 ; Ballance *v*. Underhill, 3 Scam. 459 ; Watson, Arbit. 5, 6 ; 17 Johns. R. 409, 431.

The construction of the contract contended for by plaintiff, is hard, oppressive, unreasonable, and improbable, and should not be adopted. Royalton *v*. R. & W. Turnpike Co. 14 Verm. R. 311.

TRUMBULL, J. By the terms of the contract between the parties, David L. Hodges was appointed to measure the number of cubic yards of excavation in the ditch. He was, by mutual consent, appointed to perform that service, and the court cannot make for the parties a contract different from that which they have made for themselves. In the absence of fraud, his measurement of the quantity of work done under the contract is conclusive upon the parties, and neither is permitted to show it to be erroneous. Canal Trustees *v*. Lynch, 5 Gilm. 526.

The Circuit Court therefore decided correctly in rejecting the evidence of the engineer Koscialowskie, of the quantity of work done according to his measurement of the same.

The evidence offered to show what the proper construction of the contract was, was also properly rejected. It was for the court and not for engineers to construe the contract.

Had the contract contained technical terms, known and understood only by scientific engineers, it might have been proper to have received the evidence of those skilled in the science of

engineering, to enable the court to determine its meaning. There are, however, no such terms in this contract. McAvoy was to be paid twelve and one half cents per cubic yard of excavation; and the contract then specifies the manner of measuring the work, which, however, is not different from what it would have been, had the contract been silent upon that subject.

The character contained in the contract has no meaning, technical or otherwise ; and the mode provided for ascertaining the number of cubic yards of excavation in the ditch, does not differ from that which any competent engineer would have adopted, if left to measure the work in his own way.

It is clear that Hodges measured the work correctly, and according to his measurement, McAvoy gets pay for every yard of earth actually excavated, while, if Koscialowskie's mode of measuring, and his construction of the contract had been adopted, McAvoy would have been entitled to claim for more than double the amount of work actually done.

The injustice of such a construction is so manifest, that no court, except such was clearly the contract of the parties, would ever adopt it.

That part of the opinion of the circuit judge, which held that the parties, by their contract, had referred to Hodges the construction of the contract touching the mode of measurement, was, we think, erroneous ; but, as the agreed case gives the dimensions of the ditch, and it appears, by computation, that he adopted the proper mode of measurement, we see no reason for disturbing the judgment of the court.

Hodges, in determining the amount of work done, necessarily had to refer to the contract to see how he was to make the measurement; but his construction of the manner of measuring the work would not be conclusive upon the parties, though his estimate of the quantity of work done, when fairly made in accordance with the manner pointed out in the contract, would conclude them. *Judgment affirmed.*