## No. 7667.

### W. N. ROGERS vs. W. F. GOLDTHWAITE.

This court will notice *ex proprio motu* that the amount in dispute is not sufficient to give it jurisdiction.

The matter in dispute, on which the jurisdiction of this court depends, is the thing demanded in the petition.

In determining the amount in dispute, the interest which has accrued up to the date of bringing the suit must be added to the principal. Interest subsequently accruing is not to be estimated.

Where this court has not jurisdiction of a case, it can make no order except to dismiss the appeal.

ON Rule to Show Cause.

*W. W. Handlin* for plaintiff in rule.

*J. Q. A. Fellows* for defendant in rule.

———

W. W. Handlin, for plaintiff in rule, contended:

The decision was rendered in this case January 5, 1880, five days after the new constitution went into force. An extension had been granted of thirty days to bring up the appeal, and the original papers *de facto* were filed with the rule, which was somewhat similar to a motion to dismiss, or to see if the appeal could be brought up on the following grounds:

First—That though the money demand was only $498, the real question was as to the *title* to the whole of the party wall belonging to the house of plaintiff and appellant, which was worth more than $500 dollars, and even more than $1000 dollars.

Second—That as appellant could not get a statement of facts, he was entitled to a review of the case for error on the face of the record and opinion of the lower court without any statement of facts, as it was apparent that the court erred in considering it a personal action, barred by ten years, without title by the defendant and appellee. The authority for this ground was Winter vs. Reynolds, 24 An. 113, and other cases cited in the last ground of the rule.

J. Q. A. Fellows, for defendant in rule, contended :

The plaintiff now seeks, in failure of the court to furnish a statement of facts, applied for over three months after the judgment was signed and the appeal asked for, to have the original record, or a transcript thereof, and which does not include a word of the mass of oral testimony produced on the trial of the case, to stand as a statement of the facts of this case, and be placed on the docket, etc., for trial.

First—The facts upon which the judgment was based can not be thus made up. He should have applied for a statement from the judge who tried the case before the judgment was signed and before the appeal was granted. Logan vs. Winder, 20 A. 253 ; Union Bank vs. Williams, 16 L. 236.

Second—The case, from the inspection of the petition and supplemental petition of the plaintiff, is unappealable, and of this the court would take notice, and dismiss the appeal on its own motion. Reynaud vs. Gusman, 28 An., not reported; Halpin & Moran vs. Maxwell, 24 An. 94.

Third—The affidavit is not sufficient to give the court jurisdiction. It does not state that the matter in dispute and his interest therein exceeds $500. His interest can only be what he claims, to wit : $498 57. State ex rel. Hero vs. Pitot, 21 An. 336.

The opinion of the court was delivered by

MARR, J. On the 2d January, 1879, plaintiff brought suit in the Fourth District Court, to recover of defendant $498 57, with interest from judicial demand, for half the cost of a boundary wall, $240 35, and legal interest from the 23d July, 1856. On the 14th January plaintiff filed an amended petition in which he stated that the interest would be something more than the sum demanded, but "the overplus of which interest petitioner remits on account of the delays consequent to appeals in ordinary suits to the Supreme Court."

The case was tried ; and judgment was rendered 19th June, signed 1st July, 1879, in favor of defendant. Plaintiff obtained an order of

4

appeal, on the 12th July, returnable on the first Monday of November, on the affidavit of his attorney that his property, to which the boundary wall in question belongs, exceeds in value the sum of $500.

More than a month after the return-day, that is, on the 8th December, plaintiff filed a motion, in this court, stating that there was no minute of the evidence offered on the trial; that he had requested the advocate of defendant to join him in a statement of facts, which he refused to do; and that he applied to the judge, who refused to make any statement. On this showing a rule was granted, requiring the judge and the defendant to show cause why the original record, submitted with the motion, "or a transcript thereof, should not stand as a statement of the facts of the case."

This whole proceeding is anomalous; but we are arrested at the threshold by the want of jurisdiction, which was not disclosed in the motion, but which is apparent from the original record, and which we are compelled to notice *ex proprio motu.* The value of the property to which the wall belongs is not in controversy; nor is the title to that property in any way disputed. The plaintiff seeks to recover $498 57, with interest from judicial demand; and the three cases relied upon to support the right of appeal have no application to this case. In the succession of Renneberg, 15 An. 661, the title to a lot of ground was in dispute; in the State vs. Judge, 25 An. 621, the right of relator to erect a wall on her property was contested; and in Slaughterhouse Company vs. Larrieux, 30 An. 798, the rights and privileges of the corporation, under its charter, were involved.

The jurisdiction of this court, in ordinary civil suits, is limited to cases in which the matter in dispute shall exceed $500; and the matter in dispute is the thing demanded in the petition. It is well settled that the interest which has accrued up to the date of the bringing of the suit must be added to the principal; but the interest which may accrue after judicial demand cannot be considered in order to determine whether the amount in dispute is sufficient to give this court jurisdiction. C. P. 91; Pujol vs. Correjolles, 5 Rob. 90; Mason vs. Oglesby, 2 An. 793. It is the amount due and demanded which determines the right of appeal.

This court is clearly without jurisdiction of a demand for $498 57 with interest from judicial demand. We have no authority to proceed further on the motion of plaintiff, except to dismiss it for want of jurisdiction, as we shall do, without expressing any opinion on its merits.

The motion is therefore dismissed; and the rule returnable on the 15th December, 1879, is discharged, at the costs of the mover.