## HENRY KEISER

*v.*

## THOMAS J. COX *et al.*

*Filed at Springfield January 20, 1886.*

APPEAL—*as to the amount involved—how to be determined.* The statute makes the judgment of the Appellate Court final when the amount involved is less than $1000, exclusive of costs, except in certain classes of cases. Under this statute the amount involved is determined by the amount claimed or actually in controversy at the time the suit is first brought. The accruing interest can not be added to make up the sum necessary to give an appeal or writ of error.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.

The defendants in error entered a motion in this court to dismiss the writ of error for want of jurisdiction.

Messrs. WILLIAMS & CAPEN, in support of the motion:

The question as to the amount involved in a suit is determined by the amount actually in controversy at the time it is first commenced. The rights of the parties are determined thereby. *Railroad Co.* v. *Trook,* 100 U. S. 112; *Wilson* v. *Daniel,* 3 Dall. 401; *Olney* v. *Falcon,* 17 How. 19; *Knapp* v. *Banks,* 2 id. 73; *Walker* v. *United States,* 4 Wall. 163; *Hilton* v. *Dickinson,* 108 U. S. 165; *Merrill* v. *Patty,* 16 Wall. 338; *Carrick* v. *Landman,* 20 Fed. Rep. 209; *Roberts* v. *Nelson,* 8 Blatchf. 74; *Conger* v. *Nesbitt,* 30 Minn. 436; *Culver* v. *Crawford County,* 4 Dill. 239; Spear on the Law of Federal Judiciary, 462.

Interest accrued since the commencement of a suit can not be considered, as regards appellate jurisdiction. See above cases.

Messrs. Kerrick, Lucas & Spencer, *contra:*

The whole question depends upon the proper construction of the statute, which is: "In all cases determined in said appellate courts wherein the amount involved is less than $1000, exclusive of costs,   *   *   *   the judgment of the Appellate Court shall be final.   In all other cases writs of error may be prosecuted," etc.

The maxim of the law is *expressio unius est exclusio alterius.* The law has excluded from the consideration of the court the costs.   Can the court add another, and thereby exclude interest?

The statute has reference to and speaks only of cases determined in the Appellate Court, and to the record at that time, and to that time only, can we look to know the amount involved when "determined in said Appellate Court."

Per Curiam: .On October 26, 1882, plaintiff in error filed his petition for a mechanic's lien in the circuit court of McLean county, against the defendants in error, claiming that there was due to him $850.   At the November term, 1885, a decree was rendered in his favor by that court, for $795, and interest from the date of the decree.   This decree, on appeal to the Appellate Court for the Third District, was reversed, and the cause remanded to the circuit court of McLean county.   That court, proceeding in accordance with the opinion of the Appellate Court, entered a decree, on March 16, 1885, dismissing the petition and amended petition of plaintiff in error.   From this second decree of the McLean county circuit court, so entered on March 16, 1885, an appeal was prosecuted to the Appellate Court, and said last named decree was affirmed by the Appellate Court on August 20, 1885.   On September 9, 1885, Henry Keiser, the plaintiff in error here, made a motion in the Appellate Court for an appeal to this court from the judgment of that court, rendered on August 20, 1885, and assigned, as one of the

reasons why said appeal should be allowed, that the amount *then* (that is, on September 9, 1885,) involved, exclusive of costs, was in excess of $1000, to-wit: $1036. The motion was, however, overruled by the Appellate Court, and the appeal to this court was denied. Thereupon, on September 16, 1885, Keiser sued out a writ of error from this court to the Appellate Court for the Third District. A motion is made by defendants in error to dismiss the writ of error, on the ground that this court "has no jurisdiction to consider it, the amount involved being less than $1000."

The statute is, that "in all cases determined in said appellate courts, wherein the amount involved is less than $1000, exclusive of costs, * * * the judgment of the Appellate Court shall be final. In all other cases, writs of error may be prosecuted," etc. (Rev. Stat. chap. 37, sec. 38.) The question as to the amount involved in a suit is determined by the amount actually in controversy at the time it is first commenced. (*Railroad Co.* v. *Trook,* 100 U. S. 112.) The petition in this case shows that the amount claimed at the time the petition was filed was considerably less than $1000. The fact that since the filing of the petition the interest accruing upon the principal sum therein claimed will, when added to such principal sum, make an amount that exceeds $1000, does not confer any jurisdiction upon this court.

The motion to dismiss the writ of error is therefore granted, and the writ is accordingly dismissed.

*Writ dismissed.*