## No. 9905.

A. J. FORSTALL vs. E. L. LARCHE.—R. N. LEA, INTERVENOR.

The amount in dispute is the highest sum for which the appellate court can render judgment under the allegations and prayer of the petition.

A party who makes a transfer in writing of live stock, and who does not prove that the contract, apparently a sale, was designed to be one of suretyship, and that he received no consideration, cannot recover the stock in question.

An intervenor who claims ownership of such stock, as having been given in payment to him of a judgment against the defendant, cannot recover where it appears that the debt for which the judgment had been obtained had no existence, having been previously extinguished by payment, and where the surrounding circumstances tend to show that the proceeding is the result of a combination between the defendant and the intervenor (plaintiff in the suit) to frustrate plaintiff from his rights.

APPEAL from the Eighth District Court, Parish of East Carroll. *Deloney,* J.

*J. M. Kennedy* for Plaintiff and Appellee.

*F. F. Montgomery* for Intervenor and Appellant.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The appellee moves to dismiss this appeal on the ground of want of jurisdiction in this Court over the case.

The suit is for the recovery of live stock, valued at $1750, and for the use of them, at $35 for each, *per annum,* from the institution of the suit to the day of delivery.

Forstall vs. Larche.

There was judgment for the plaintiff, recognizing him as the owner of the stock, and in default of delivery for one hundred dollars for each head.

The judgment further allowed plaintiff thirty dollars *per annum* for the use of each mule and horse from the time of sequestration to final delivery—that is, for $280 at least.

The amount allowed by the judgment, added to the value of the stock ($1750), formed a total, at the rendition of the judgment, of $2030.   It could have allowed *more.*

Were this judgment affirmed on appeal, the plaintiff would be entitled to recover at least $2270.

The judgment appealed from was certainly warranted by the petition, which claimed the ownership of the live stock, or their value, *and besides,* the use of the same until delivery.

We consider that the amount in dispute is the highest sum for which judgment can be rendered, under the allegations and prayer of the petition.   Crescent City Co. vs. Larrieux,.30 Ann. 798;  Gay vs. Railway Co., 31 Ann. 274.

The motion to dismiss is denied.

## ON THE MERITS.

The object of this suit has already been stated.

The defendant denied having ever sold the mules, etc., to the plaintiff, and says that, though the act of transfer to plaintiff appears to be a sale, it was in reality intended only to serve as security, and that he received no consideration.

An intervention was filed, claiming the ownership of the stock sequestered, and in default a privilege on the same, to secure payment of an amount alleged to be due the intervenor, as holder of rent notes, for which he had already obtained judgment.

From a judgment in favor of plaintiff and rejecting the intervention, both the defendant and the intervenor have appealed.

The plaintiff has proved, by written evidence, the sale and transfer to him, for $1750, acknowledged to have been received and by parol, the delivery to him, through an agent, of the mules and horses in question, by the defendant; but the latter has failed to establish that the contract was not a sale but a suretyship, and that he received no consideration; a defense which is the less founded, as it is self-destructive.

The evidence establishes, with as much precision as can be expected in similar cases, that the judgment on which the intervenor relies, as

obtained against the defendant, on rent notes acquired from the landlady, and in satisfaction or payment of which the stock in question is said to have been given, was obtained by default, the defendant making no resistance, or the shadow of a claim, which had ceased to have any existence against the defendant.

In this regard, it appears that the intervenor, in furtherance of some understanding with the defendant, acquired from the landlord the two notes in question, settling for the same in a draft on his correspondents, but that previous to this acquisition of the notes and issue of the draft, the intervenor had obtained cotton from the defendant for a value far exceeding the amount of the notes, and that said cotton had been turned over to him for the purpose of injuring the plaintiff some way or other.

The intervenor claims that the mules and horses were given to him by the defendant in payment, and that the judgment in his favor was credited with their value.

The record does not show that credit, but shows that the intervenor, plaintiff in the case, afterwards issued execution against the defendant for the whole amount, just as though the pretended giving in payment had not taken place.

We remain irresistibly impressed that the rent notes were acquired by the intervenor from the landlady with money realized by the sale of cotton transferred to him by the defendant for some evil purpose, and that the judgment on which he relies has no foundation.

We believe further, that the intervenor, who appears to have been on terms of intimacy with the defendant, was well acquainted with his business, his operations and even his designs, and was well cognizant of the fact of the transfer of the stock by defendant to the plaintiff.

We have examined the bills of exception taken by the defendant and the intervenor to various rulings of the lower court, but find that, under the circumstances, the district judge did not err in deciding as he did. In themselves, they are of no force.

We deem it unnecessary to enter into an explanation of the business relations between plaintiff and defendant, which were those of factor and planter, and remain satisfied on the questions of fact between the parties litigant, that the district court has done them justice.

Judgment affirmed.