432:80 Fed 7(

ARNOLD P. GILMORE

*v.*

THOMAS E. COURTNEY.

*Filed at Ottawa October 11, 1895.*

1. TRIAL—*motion to find for defendant—failure of building contractor to render statement.* A motion to find for the defendant, in an action of assumpsit on a building contract, should be allowed where the contrator had not rendered the statement under oath, which, by the act of 1887 amending section 35 of the Lien law, (Laws of 1887, p. 221,) was a condition precedent to his right of action.

2. SAME—*improper exclusion of question from jury by instruction.* An instruction excluding from the consideration of the jury damages claimed by defendant in an action on a contract, for plaintiff's failure to comply with and complete his contract, while instructing as to plaintiff's right of recovery, is erroneous where there is evidence of such damages.

3. CONTRACTS—*for building—architect's certificate of work.* The fear of a wrongful refusal by the architect to furnish a certificate which is a condition precedent to recovery by a contractor 'for doing his work, or the fear that the architect would act fraudulently, cannot excuse the failure to apply for such certificate.

4. APPEALS AND ERRORS—*amount of judgment of trial court fixes right of appeal to Supreme Court.* A judgment for $1000, exclusive of costs, which, on appeal to the Appellate Court, is by that court reduced to less than $1000, is appealable to the Supreme Court.

*Gilmore v. Courtney,* 54 Ill. App. 417, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE F. BLANKE, Judge, presiding.

Appellee instituted his action of assumpsit, against appellant, on a building contract, filing the common counts only. Subsequently, and before trial, he filed a special count. The special count, after setting up this contract, alleges that, notwithstanding said contract, said defendant, acting under the direction of said architect, who fraudulently acted as the agent and attorney for said defendant and entirely failed to act as arbi-

trator under said contract, and said defendant conspiring with said architect to defraud said plaintiff by deducting large sums of money for delays said to have been caused by said plaintiff, and upon other false and pretended charges, deducted large sums of money from the amount due said plaintiff, has neglected and refused to carry out and fulfill his part of said contract. The contract was entered into on July 15, 1889. The plaintiff claimed a balance due on the contract price amounting to about $528, and for extra work, damages by reason of detention, etc., $1426.05. The defendant pleaded the general issue, and insisted he was damaged by reason of delay $450, and damaged by failure of plaintiff to complete his contract, $602.23.

From the evidence it appears appellant entered into a contract with appellee, by which the latter was to make the excavation and furnish the material and do the mason work of a four-story apartment house in the city of Chicago. By the terms of the contract the work was to be done in accordance with plans and specifications under the direction of the architect, who, it was stipulated, should act as arbitrator on all questions of damage, allowance for extra work and work left out, and all questions as to the intent and meaning of the contract. It was also agreed the consideration for the work should be $12,923, payment to be made from time to time, at the direction and upon certificate of the architect that all the terms of the contract have been complied with, reserving, however, ten per cent of the amount until thirty days after completion of the work. The work was to be completed on or before October 1, 1889, and for a failure so to do it was agreed the contractor should allow the owner $25 for each and every day the completion of the building was delayed, as fair rental and liquidation of damages, and not as a penalty. By the plans and specifications, made a part of the contract, nothing was to be allowed as extras except work agreed upon in writing,

and accepted by the owner previous to its commencement by the contractor. The contractor was, by the plans and specifications, to re-fill around all walls and areas, remove all surplus sand and obstructions, point up exterior and interior joints above grade, build all walls plumb and true and laid to a line the exact hight for joists, on completion remove all rubbish, leaving work in perfect condition, the rubbish made by the masons and left on the premises to be removed by the owner at cost of contractor.

Under the amendment to section 35 of the Mechanic's Lien act, as amended in 1887, in force, it is provided that the original contractor, whenever he desires to draw any money from the owner, lessee or agent on his contract, shall make out and give a statement, under oath, of the number, name of every sub-contractor, mechanic or workman in his employ or persons furnishing material, and how much, if anything, is due or to become due, etc., and until that statement is made, in manner and form as therein provided, the contractor shall have no right of action or lien against the owner on account of such contract.

As found by the jury on special findings, the appellee quit work about December 1, 1889, and did not complete his contract with appellant. A special finding was asked, as follows: "Did Courtney complete his contract, and perform it either literally or substantially, and if so, which?" The jury found specially, "substantially." The jury further found that the architect did not refuse to act as arbitrator under the contract, and that appellee quit work about December 1, 1889.

At the trial no final certificate from the architect was produced by plaintiff showing his right to any balance due whatever, either under the contract or for extras or damages. Its absence was sought to be excused by proof of fraudulent conduct on the part of the architect which justified plaintiff in refusing to submit disputes to his arbitration. It does not appear, from the evidence, that

after appellee quit work he furnished a verified statement under the act of 1887. The only evidence seemingly relied on to show fraud on the part of the architect, was a conversation growing out of appellee's application for a certificate to the architect, which he declined to give without a sworn statement, which appellee insisted should not be required of him and had not been by others with whom he contracted, and he claims the architect said, "I want you to understand that I am opposed to everything and everybody, and in favor of the owner." The conversation was shortly after the work commenced, and subsequently the appellee applied for and received certificates from the architect.

On trial, at the close of plaintiff's evidence, defendant moved the court to instruct the jury to find for the defendant, which motion was renewed at the close of all the evidence, both of which motions were denied. A verdict in favor of plaintiff for $1550 was returned, and a motion for new trial was entered, claiming error in giving instructions for plaintiff, in refusing and modifying instructions asked by the defendant, etc. On appeal the Appellate Court affirmed the judgment to the amount of $902.22, and required a *remittitur* to the amount of the residue, which was entered. An appeal was prosecuted to this court, and in addition to the questions arising on the record the appellee moved to dismiss the appeal because the amount of $1000, exclusive of costs, was not involved, which motion was reserved to the final hearing.

COLLINS, GOODRICH, DARROW & VINCENT, for appellant:

The trial court erred in refusing to instruct the jury to find for the defendant, and the Appellate Court erred in refusing to reverse the judgment of the trial court upon this ground. *McAvoy* v. *Long*, 13 Ill. 147; *McAuley* v. *Carter*, 22 id. 53 ; *Snell* v. *Brown*, 71 id. 133 ; *Coey* v. *Lehman*, 79 id. 173; *Barney* v. *Giles*, 120 id. 154; *Michaelis* v. *Wolf*, 136 id. 68 ; *Arnold* v. *Bournique*, 144 id. 132.

Where provision is made in a building contract for the payment of the price, or a portion of the price, upon the certificate or certificates of the architect in charge of the construction of the building, the obtaining or presentation of such certificate is a condition precedent to the right to require payment. *Michaelis* v. *Wolf*, 136 Ill. 69; *McAvoy* v. *Long*, 13 id. 147; *Coey* v. *Lehman*, 79 id. 173; *Barney* v. *Giles*, 120 id. 154; *Arnold* v. *Bournique*, 144 id. 132.

GEORGE P. MERRICK, for appellee:

In support of the position that where the amount in controversy is less then $1000 no appeal will lie from the Appellate Court to the Supreme Court, except upon a certificate of importance granted within twenty days after final judgment, I beg to submit the following cases: *McLachlan* v. *McLaughlin*, 126 Ill. 427; *Railroad Co.* v. *Sampson*, 132 id. 527, and cases cited.

The law governing the necessity of producing a final certificate from the architect as a condition precedent to a right to recover, under a contract making the architect sole arbitrator, as we understand the rule, is, that the certificate is indispensable unless it can be shown by proof that the architect has fraudulently refused to issue it, or has acted in a capricious, willful or fraudulent manner toward the contractor concerning it. *County of Cook* v. *Harms*, 108 Ill. 152; *Arnold* v. *Bournique*, 144 id. 132; *Michaelis* v. *Wolf*, 136 id. 69.

There was evidence tending to prove that the architect disregarded the rights of the complainant entirely, and acted in a willful, capricious and fraudulent manner, and such being the case, it was proper that such facts should be submitted to the jury. *Smith* v. *Gillett*, 50 Ill. 291; *Holmes* v. *Railroad Co.* 94 id. 439; *Pennsylvania Co.* v. *Conlan*, 101 id. 93; *Frazer* v. *Howe*, 106 id. 563; *Bartelott* v. *Bank*, 119 id. 259.

Instructions given for plaintiff and defendant must be construed together, and when so considered, if they state

the law correctly as a whole, an error which may appear in one series will be deemed corrected by the other. *Village of Mansfield* v. *Moore*, 124 Ill. 133; *Spies* v. *People*, 122 id. 1; *Chicago* v. *McDonough*, 112 id. 85; *Lawrence* v. *Hagerman*, 56 id. 70.

If the instruction complained of did not go far enough, it was supplemented by defendant's instruction. *Christian* v. *Irwin*, 125 Ill. 619.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

By the amendment to section 35 of the law in relation to liens, approved January 16, 1887, in force at the time this contract was entered into and the work done thereunder, it was incumbent on the contractor to render the statement under oath, as required by that amendment, as a condition precedent to the right of action against the owner. No compliance therewith being shown, the motion to find for defendant, made at the close of plaintiff's case, should have been allowed. That motion renewed at the close of all the evidence should also have been allowed.

When parties to a building contract agree upon an arbitrator to settle disputes, and where the contract provides that no money is payable thereon except upon the certificate of the architect, the decision of the arbitrator is final, in the absence of fraud or mistake. In *Snell* v. *Brown*, 71 Ill. 133, this court laid down the rule as to what is sufficient fraud to reject an architect's decision under such a contract. It was there held, that where a party voluntarily enters into an agreement that a third person shall estimate work done and pass upon its quality, with power to reject and condemn all material which, in his opinion, does not conform to the contract, he cannot avoid or disregard it except for fraud clearly proved. As to what is necessary to constitute sufficient fraud to reject the architect's decision the court says (p. 143):

"It is true, his conduct may be impeached and his estimate set aside for fraud; but fraud cannot, as is assumed in the instructions for appellees, be presumed merely because his estimates for work done pursuant to the terms of the contract are less than the measurement of the quantity actually done. Even if he, by mistake in judgment, erred in condemning or rejecting work, it would be no ground to impeach his estimate. (*Herrick* v. *Vermont Central Railway Co. supra.*) To prove that the estimate is fraudulent, it is not sufficient merely to show that work was rejected or condemned which in the opinion of others should not have been rejected or condemned. This may, indeed, be proved as a circumstance tending, in some degree, to establish fraud, but it is not conclusive. The evidence must show that the engineer knowingly and willfully disregarded his duty, and rejected or condemned work which he knew, or at least should have known, fully conformed, in all respects, to the terms of the contract."

In *Canal Trustees* v. *Lynch*, 5 Gilm. 521, the court says (p. 526): "The contract between the parties, so far as the record shows, was voluntarily and fairly entered into. Neither party is at liberty to disregard it, nor can the court make for the parties a contract different from that which the parties have made for themselves. By the terms of the contract under which the work was done, the determination of the chief engineer as to the amount or quantity of the work done is made final and conclusive. In an action for work done under the contract, the estimate of the chief engineer furnishes the only evidence of the amount of work done, and neither party is permitted to show such estimate to be erroneous, or to impeach it except for fraud. If the board of trustees should unreasonably refuse to cause the work to be estimated by their chief engineer, the contractor would then have the right to resort to other evidence to show the amount of work done, (*Hotham* v. *East India Co.* 1 T. R. 639,) but

neither party can resort to such other evidence while the other observes and insists upon the contract. Such we believe to be the law of this case, as made by the parties themselves."

In *McAuley* v. *Carter*, 22 Ill. 53, it was held that where parties to a building contract agree that a superintendent should pass upon the work and certify as to the payments to be made, his decision is binding, unless fraud or mistake on his part shall be shown. In this case the court says (p. 57): "This being the contract of the parties, the case on the part of the appellees was made out by producing and proving the final certificate of the superintendent. That was the condition, and the only one, on which their right to recover rested, and when produced it must be held, in the absence of fraud, conclusive. No evidence of the amount of work done, or of its character, was admissible,—both parties are concluded by the certificate of the superintendent." It was also held that the same party might lawfully act as the agent for the owner and as arbitrator for the disputes.

In *Michaelis* v. *Wolf*, 136 Ill. 68, it was said (p. 71): "Where, in a building contract, provision is made for the payment of the price, or a portion or portions of such price, upon the certificate or certificates of the architect in charge of the construction of the building, the obtaining or presentation of such certificate or certificates is a condition precedent to the right to require payment, and such condition must be strictly complied with, or else a good and sufficient excuse shown." To the same effect are *McAvoy* v. *Long*, 13 Ill. 147; *Coey* v. *Lehman*, 79 id. 173; *Barney* v. *Giles*, 120 id. 154; *Arnold* v. *Bournique*, 144 id. 132.

The failure to apply for a certificate to the architect by the contractor being a condition precedent, he had no right to assume the architect would refuse to act, or, in acting, would do so fraudulently. On these several grounds we are of opinion there was error in refusing the instruction asked by the court to find for the defendant.

Where the contractor had complied with the requirements of the contract and applied for a certificate, and it was refused wrongfully, or there were fraudulent acts on the part of the architect, or mistakes which he refused to correct, in such case such facts might be shown. It is not sufficient that for a fear of a wrongful refusal or fraudulent act or mistake one of the parties may altogether refuse a compliance or attempted compliance with the contract. The second instruction given for plaintiff was therefore erroneous. That instruction was:

"The court further instructs the jury, as a matter of law, that by the terms of the contract, which makes the architect sole arbitrator as to all questions of dispute that might arise under the performance of the same, is not meant that the architect may willfully, capriciously or arbitrarily decide disputes, but that he should exercise his judgment fairly and equitably between the parties; and if the jury believe, from the evidence, that the architect in this case decided disputes hastily or capriciously, it must be presumed he did so willfully, and the plaintiff is not bound, by law, to accept such willful decision so made by the architect."

The question, materially one of law, was, whether, under the contract, the plaintiff could elect that he would not apply for a certificate, fearing the architect would be unfair.

The third instruction for plaintiff is also erroneous. It is as follows:

"The court instructs the jury, as a matter of law, that if they believe, from the evidence in this case, that during the progress of the work in question the parties to the contract offered in evidence in this case agreed to submit matters of dispute to arbitration, and waived that clause in the contract making the architect sole arbitrator and umpire, then the jury may disregard such portion of the contract, and the plaintiff is entitled to have and recover in this case for the balance of the contract price

and the cost of the extra material and labor, and damages for delay, as the evidence in this case shows such balance on said contract, extra labor and material and delay was fairly and reasonably worth, less damages, if any, caused by plaintiff's delay, if, from the evidence, they believe he has caused any delay."

The instruction excludes from consideration by the jury damages claimed by appellant for a failure to comply with and complete his contract on the part of appellee, which was the largest item of defendant's claim and which was shown by defendant's witnesses.

A discussion of the modification of instructions asked by the defendant would unnecessarily extend this opinion.

The motion entered by the appellee to dismiss this appeal for want of jurisdiction in this court, it appearing of record that said appeal was prayed from a judgment of the Appellate Court against appellant for less than $1000, exclusive of costs, can not be sustained. By section 8 of the Appellate Court act it is provided: "In all cases determined in said Appellate Court in actions *ex contractu*, wherein the amount involved is less than $1000, exclusive of costs, * * * and the judgment is affirmed or otherwise disposed of, * * * the judgment * * * shall be final, and no appeal shall lie or writ of error be prosecuted therefrom. * * * In all other cases appeals shall lie," etc. This case, when the appeal was taken to the Appellate Court, involved, exclusive of costs, $1550, and the sum involved in the judgment on the appeal to the Appellate Court determines the right of appeal from that court. (*Kaiser* v. *Cox*, 116 Ill. 26.) The motion to dismiss the appeal is denied.

The judgment of the Appellate Court for the First District and the judgment of the Superior Court of Cook county are each reversed, and the cause is remanded to the latter court for new trial.

*Reversed and remanded.*