PALMER MURPHY

*v.*

JAMES MURPHY *et al.*

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*when amount involved is determined by the pleadings.* The amount involved, on appeal or error, in an action *ex contractu,* where there was no trial of an issue of fact in the lower court, is to be determined by the pleadings.

2. SAME—*accumulation of interest does not confer appellate jurisdiction.* The Supreme Court will dismiss a writ of error to review a judgment of the Appellate Court affirming a judgment in an action *ex contractu,* where there was no trial of an issue of fact and the amount claimed by the pleadings was less than $1000, although the judgment, by reason of accumulation of interest, exceeds $1000.

*Murphy* v. *Murphy,* 109 Ill. App. 41, writ dismissed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Vermilion county; the Hon. F. BOOKWAL-TER, Judge, presiding.

EDWIN WINTER, and GEORGE F. REARICK, for plaintiff in error.

BUCKINGHAM & DYSERT, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The writ of error in this case was sued out to bring before us the record of a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of Vermilion county in favor of defendants in error and against plaintiff in error.

The suit in which the judgment was rendered in the circuit court was in assumpsit, and was commenced by defendants in error against plaintiff in error on September 19, 1898. The parties to the suit were the five children and heirs-at-law of Jeremiah Murphy, deceased.

Jeremiah Murphy was the owner of one hundred and sixty acres of land, which he devised by his will,—one-fourth to the defendant, Palmer Murphy, and the remaining three-fourths to his bodily heirs, who were the four plaintiffs and the said defendant. The cause of action was an alleged promise of the defendant, made in compromise of a threatened litigation and in consideration that plaintiffs would refrain from contesting said will, that the defendant would amend his bill of complaint in a suit for the partition of said land, and the prayer thereof, and cause a division and distribution of the land or its proceeds in the proportion of one-fourth to the defendant and three-fourths to the plaintiffs. The declaration alleged that complainants complied with their part of the agreement but defendant failed to amend his bill as agreed, and caused a decree of sale to be entered and a sale of the land to be made for $6400, and the proceeds to be divided in accordance with the terms of the will instead of the agreement. Plaintiffs averred that defendant collected from the master in chancery who made the sale, $924.40 more than his share of the proceeds by the terms of said agreement, and that was the amount which the plaintiffs claimed by their declaration. The amount involved in the suit was the difference between eight-twentieths of the net proceeds of the one hundred and sixty acres, to which the defendant would have been entitled under the will, and five-twentieths, which was the amount he was alleged to have agreed to take, which amounted to said sum of $924.40.

To the declaration the defendant filed three special pleas: a plea of the Statute of Frauds, a plea of estoppel, and a plea of res judicata. To these pleas plaintiffs demurred, raising issues of law, first, as to the application of the Statute of Frauds; second, whether plaintiffs were estopped by having received from the master in chancery the shares to which they were entitled under the decree; and third, whether the decree in the parti-

tion suit was conclusive of the rights of the parties. The court sustained the demurrers to the pleas, and the defendant electing to stand by his pleas, the court entered judgment against him. There is no certificate of importance by the Appellate Court.

In all cases determined in the Appellate Court in actions *ex contractu* when the amount involved is less than $1000, the judgment of that court is final and no writ of error can be sued out from this court to review it, and where there was no trial of an issue of fact in the trial court the amount involved is determined by the pleadings. Section 8 of the act to establish Appellate Courts, as amended in 1887, provides that in all actions where there was no trial on an issue of fact in the lower courts, appeals and writs of error shall lie from the Appellate Court to the Supreme Court when the amount claimed in the pleadings exceeds $1000. (Hurd's Stat. 1899, p. 525.) In this case the declaration consisted of a single count, in which the amount claimed was $924.40. This court, therefore, has no jurisdiction to issue a writ of error to review the judgment. It is true that the judgment entered in the circuit court exceeded $1000, but the excess above the amount claimed in the declaration consisted of interest. The suit was pending from the time it was commenced, on September 19, 1898, to the date of the judgment, on January 20, 1902. It has been before the Appellate Court three times, and during its long pendency the interest accumulated. The amount involved in a suit is the amount in controversy at the time it is commenced, and the accumulation of interest afterward will not confer appellate jurisdiction. *Keiser* v. *Cox*, 116 Ill. 26; 2 Cyc. 563.

The writ of error is therefore dismissed.

*Writ dismissed.*