LUCY A. LYDSTON *et al.*

*v.*

SARAH AUBURGH.

*Opinion filed June 23, 1905.*

1. APPEALS AND ERRORS—*amount involved in a suit to subject property to the payment of a debt is the amount of the debt.* The amount involved in a suit to subject property to the payment of an indebtedness ·is the amount of indebtedness, and not the value of the property.

2. SAME—*amount involved when suit was begun controls jurisdiction.* The amount involved, so far as jurisdiction to review the case is concerned, is the amount in controversy when the suit was begun, without the addition of the interest which has accrued while the suit was pending.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

STEDMAN & SOELKE, (DANIEL M. ELLIOTT, of counsel,) for appellants.

HENRY W. MAGEE, and JOSIAH BURNHAM, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District in a suit brought by Sarah Auburgh, the appellee, as a creditor of the estate of George N. Lydston, deceased, for the collection of an indebtedness less than $1000 in amount. Appellee filed her bill in the superior court of Cook county on October 31, 1894, against appellants, the widow and heirs of said George N. Lydston, alleging that said George N. Lydston was in his lifetime indebted to appellee on two notes, one dated July 1, 1890, for $161, with

interest at five per cent, and the other dated January 15, 1891, for $500, with interest at six per cent; that while so indebted he made a conveyance of certain real estate in the city of Chicago to his wife, Lucy A. Lydston, one of the appellants, and that said conveyance was without consideration, and therefore fraudulent as against the rights of appellee. The claim was afterwards allowed in the probate court of Cook county on December 7, 1896, against the estate of said George N. Lydston for $889.50, and an amended and supplemental bill was filed on June 5, 1897, stating, among other things, that said claim had been allowed. A second amended and supplemental bill was filed on January 14, 1902, also alleging the allowance of the claim. The superior court dismissed the bill for want of equity, and an appeal was taken by appellee to the Appellate Court, where an opinion was filed holding the conveyance to be fraudulent as to appellee and the property to be subject to the payment of the indebtedness to her, and the decree of the superior court was reversed and the cause was remanded to that court for further proceedings in conformity with that opinion.

The amount involved in a suit to subject property to the payment of an indebtedness is the amount of such indebtedness, and not the value of the property sought to be subjected to it. (*Walker* v. *Malin & Co.* 94 Ill. 596.) We have no jurisdiction, by appeal or writ of error, to review the judgment of the Appellate Court in such a case where the amount sought to be collected is less than $1000. (*Aultman & Taylor Co.* v. *Weir,* 134 Ill. 137.) The amount involved in a suit is the amount in controversy between the parties at the time the suit is brought, and interest accruing during the pendency of the suit cannot be added in order to make up the amount necessary to an appeal to this court. (*Keiser* v. *Cox,* 116 Ill. 26;' *Murphy* v. *Murphy,* 207 id. 250; 2 Cyc. 563.) The amount involved in this suit when it was commenced was the amount claimed to be due for principal and interest on the notes up to that time, and the fact that the suit was

pending for many years did not operate to confer jurisdiction on this court. In a case where there could be no appeal if it had been decided at once, the right to appeal is not acquired by the fact that the suit is pending for a long time in the trial court and that the judgment has been enlarged by accruing interest.

The appeal is dismissed.      *Appeal dismissed.*