LAND, J.
Plaintiff, claiming to own the timber on a certain tract of land, sued the defendant for damages in the sum of $392.-21 for willfully and maliciously entering on said tract and cutting and removing therefrom timber to the amount of 28,463 feet, board measure.
Defendant answered, admitting the cutting of the timber as alleged, but set up title to the land and the timber growing thereon by inheritance from his father, who in 1897 sold the timber to plaintiff’s vendor. Defendant avers that plaintiff and his vendor had forfeited all their rights to the timber by failure to remove the same within a reasonable time after demand made upon them so to do. Defendant, reconvening, prayed for judgment annulling the sale of the timber on his returning the purchase price, with interest, or in the alternative for $5,215 damages for the deprivation of the use of land for farming purposes since demand for removal of the timber was made on plaintiff, and that plaintiff be ordered to cut and remove said timber from defendant’s land at once, or that defendant be authorized to remove the same at plaintiff’s cost.
The ease was tried, and there was judgment in favor of the plaintiff for $125, with legal interest from date of the decree, and ordering the plaintiff to remove the timber from defendant’s land in two years from date of finality of the judgment, and in case of failure to do so giving the defendant the right to compel a partition of the land and timber by licitation. The judgment condemned the defendant to pay the costs of the main demand and the plaintiff to pay the costs of the reconventional demand.
Defendant has appealed, and the plaintiff has joined in the appeal and prayed for an amendment of the judgment.
The first inquiry is as' to the jurisdiction of this court.
In ordinary civil cases the Supreme Court has jurisdiction only where the matter in dispute or fund to be distributed exceeds $2,000, exclusive of interest. Const. 1898, art. 85. Appeals on reconventional demands lie to the court having jurisdiction of the main demand. Id. art. 95. The matter in dispute is the thing demanded in the petition. Rogers v. Goldthwaite, 32 La. Ann. 48. The amount in dispute is tile highest sum for which the appellate court can render judgment under the allegations of the petition. Forstall v. Larche, 39 La. Ann. 286, 1 South. 650.
It is therefore evident that the Supreme Court is without jurisdiction of this appeal, and it becomes our duty to transfer the cause to the proper court pursuant to the provisions of act No. 56, p. 135, of 1904.
It is therefore ordered that, in the event the appellant or his counsel of record make oath, before the expiration of 15 days from the date this decree is handed down, that the appeal herein was not taken for delay, this cause be transferred to the Court of Appeal for the parish of Tangipahoa; otherwise, the appeal herein be and is hereby dismissed. Costs in this court to be paid by the appellant.