[No. 10805.   Department Two.   December 13, 1912.]

ARTHUR H. INGHAM, *Administrator etc., Appellant*, v.
HARPER & SON, *Respondent*.[1]

APPEAL—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY. The
jurisdiction on appeal, as depending on the amount in controversy,
is determined by the allegations of the complaint, not by the demand
for judgment.

COURTS—RULES OF DECISIONS—STARE DECISIS. The maxim *stare
decisis* cannot be evoked as to matters merely discussed in an opin-
ion, but not involved as essential elements.

APPEAL—DECISIONS REVIEWABLE—ORIGINAL AMOUNT IN CONTRO-
VERSY—INTEREST. The original amount in controversy, within the
jurisdiction of the supreme court includes interest, when recover-
able, on the principal sum demanded to the time of the commence-
ment of the action, and not to the date of judgment.

Appeal from a judgment of the superior court for King
county, Carey, J., entered July 1, 1912, upon the verdict of
a jury rendered in favor of the defendant, in an action on
contract.   Dismissed.

*Willett & Oleson*, for appellant.

*Wright & Kelleher* and *Edward W. Allen*, for respondent.

ELLIS, J.—The respondent has moved to dismiss this ap-
peal, on the ground that this court has no jurisdiction to
entertain it for the reason that the original amount in con-
troversy does not exceed $200.   The complaint set up two
causes of. action.   The first was for $22 and interest from
May 8, 1911, the second was for $170.75 and interest from
the same date.   The whole principal amount sued for was,
therefore, $192.75.   The prayer was for $205.52.

It is well established that the amount in controversy as
limiting the right of appeal is determined by the averments
of the pleadings, not by the demand for judgment.   *Doty
v. Krutz*, 13 Wash. 169, 43 Pac. 17; *Incorporated Town of*

[1]Reported in 128 Pac. 675.

*Central City v. Treat,* 101 Iowa 109, 70 N. W. 110; *Seward v. Steeley,* 29 Ind. App. 689, 65 N. E. 216; *Williamson v. Brandenberg,* 133 Ind. 594, 32 N. E. 834; *Schacker v. Hartford Fire Ins. Co.,* 93 U. S. 241.

The clause of § 4, art. 4, of the constitution, limiting the appellate jurisdiction of this court, reads: "excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars." Whether we have the constitutional power to entertain this appeal must be determined by the answer to the question, What was "the original amount in controversy?" The appellant contends that it was the amount of the principal with interest to the date of trial. The respondent contends that it was either the principal sum claimed; or, at most, that sum with interest to the date of the commencement of the action. Whether any interest should be included, and if so, to what date it should be computed in determining the original amount in controversy, has never been decided by this court in a case where jurisdiction was dependent upon that single element. The nearest approach to a definite expression of this court upon this subject to which our attention has been called is found in *Penter v. Staight,* 1 Wash. 365, 25 Pac. 469, where is was held that jurisdiction was assured by the fact that the original amount in controversy stated in two causes of action, one for $200, the other for $500, was $700, an exception having been saved to an order sustaining a demurrer to the second cause of action, thus reserving the right of review as to both causes of action in this court. The court said:

"The demand, however, remained seven hundred dollars, and there was no amendment making it less. Inasmuch as the allegations of the first cause of action tended to show a right in the plaintiffs to compensation for services rendered of the value of two hundred dollars, for which demand had

been made before suit, the proper judgment would have been two hundred dollars with interest thereon from the date of the demand until the judgment, something more than two hundred dollars; therefore it was proper that the prayer of the complaint on that cause of action should be more than the bare principal, which would have given this court jurisdiction."

A reading of the whole opinion makes it manifest that the last sentence was not intended as expressing the real ground of the decision. It is equally manifest that interest computed to the date of the commencement of the action would also have made "something more than two hundred dollars." In any view of the case, therefore, the breadth of language above quoted was unnecessary to the conclusion reached. The maxim *stare decisis*, invoked by the appellant as making this language conclusive upon us, has no application. That maxim contemplates:

"Not whatever a court may happen to say, in a perhaps discursive argument of a cause, or even several causes, but has regard only to points and adjudications actually involved, as essential elements, in the questions in actual controversy." Wells, Res Adjudicata and Stare Decisis, § 581. See, also, *Cohens v. Virginia*, 6 Wheat. 264-399.

In *National Surety Co. v. Bratnober Lumber Co.*, 67 Wash. 601, 122 Pac. 337, the question of interest as an element in determining the appellate jurisdiction was not discussed. We have been cited to no prior decision of this court, nor have we found any, which can be taken as such positive authority upon the point here involved as to foreclose its further consideration.

We will preface the further discussion by adopting what seems to us a necessary view, that interest to one date or the other should be included, for the reason that, where interest is allowable at all, it is because the interest is an incident to the principal demand. There still, however, remains the question as to what date interest shall be included in determining the *original* amount in controversy.

In considering decisions from other jurisdictions, as pointed out in *Bleecker v. Satsop R. R. Co.*, 3 Wash. 77, 27 Pac. 1073, regard must be had to the statutory or constitutional provisions there involved. In some, the jurisdiction is determined by "the amount in controversy exclusive of costs;" in others by "the amount in controversy exclusive of interest and costs;" in many, merely by "the amount in controversy" or "the amount involved." Obviously this last provision more nearly approaches the meaning of our own constitutional limitation to the *original* amount in controversy than does either of the others. Under provisions making the appellate jurisdiction depend upon the amount in controversy, the amount involved, or using similar terms without other qualifications, the Illinois, New York, and Louisiana courts have held that, in determining that amount, interest should be included only to the time of the commencement of the action. *Keiser v. Cox*, 116 Ill. 26, 4 N. E. 384; *Lydston v. Auburgh*, 216 Ill. 210, 74 N. E. 796; *Josuez v. Conner*, 75 N. Y. 156; *Rogers v. Goldthwaite*, 32 La. Ann. 48; *Owen v. Boyd*, 7 La. Ann. 109; *Murphy v. Murphy*, 207 Ill. 250, 69 N. E. 966.

In *Lydston v. Auburgh, supra*, it is said:

"The amount involved in a suit is the amount in controversy between the parties at the time the suit is brought, and interest accruing during the pendency of the suit cannot be added in order to make up the amount necessary to an appeal to this court. *Keiser v. Cox*, 116 Ill. 26, 4 N. E. 384; *Murphy v. Murphy*, 207 Ill. 250, 69 N. E. 966; 2 Cyc. 563. The amount involved in this suit when it was commenced was the amount claimed to be due for principal and interest on the notes up to that time, and the fact that the suit was pending for many years did not operate to confer jurisdiction on this court. In a case where there could be no appeal if it had been decided at once, the right to appeal is not acquired by the fact that the suit is pending for a long time in the trial court, and that the judgment has been enlarged by accruing interest."

This language seems even more applicable under our constitutional provision.   The framers of the constitution must be presumed to have used the words "original amount" advisedly.   The most obvious meaning and purpose of the word "original" in its connection is to limit the amount to the time when the matter first originates as a controversy in court; that is, to the time when the action is commenced.   In view of the language used, we can hardly assume that the framers of the constitution intended to make the appellate jurisdiction of this court dependent upon the fortuitous circumstance of a crowded trial docket or a procrastinating litigant, which would be the case if interest to the time of trial were allowed to make up the jurisdictional amount.   To so hold would, as it seems to us, deprive the word "original" of any obvious meaning.   The rule that the amount due according to the plaintiff's claim at the commencement of the action should govern in determining his right of appeal is certain and definite and more in harmony with the constitutional limitation to the *original* amount in controversy than any other. It is his original claim, the amount to which he would be entitled upon an immediate confession of judgment.

We have examined with care the cases cited by the appellant.   They seem to us hardly applicable to the peculiar wording of our constitution.   In the case before us, the claims accrued on May 8, 1911.   The suit was commenced on December 13, 1911.   The principal, $192.75, with interest from the one date to the other, would amount to $199.66. This, the original amount in controversy, being less than $200, we have no power to entertain the appeal.   It is therefore dismissed.

MOUNT, C. J., FULLERTON, MAIN, and MORRIS, JJ., concur.