On motion to dismiss appeal. Appeal dismissed March 9, 1926.

## CORNELIUS VANDERMOST, EXECUTOR, *v.* NORA WITHROW.

(243 Pac. 1116.)

**Appeal and Error—Difference of Amount Sued for and Amount Tendered Held "Amount in Controversy" (§ 548, Or. L., as Amended by Laws of 1923, p. 216).**

Appeal will be dismissed under Section 548, Or. L., as amended by Laws of 1923, p. 216, providing appeal will not lie unless "amount in controversy" exceeds $250, where action was for $260 and interest, totaling $275.70, and defendant tendered $29.73, since amount in controversy is difference between amount sued for and amount tendered, or $245.97.

Appeal and Error, 3 **C. J.,** p. 401, n. 2.

From Multnomah: JOHN H. STEVENSON, Judge.

In Banc.

APPEAL DISMISSED.

For the motion, *Mr. W. J. Cooper.*

*Contra, Messrs. McGuirk & Schneider.*

McBRIDE, C. J.—This is a motion to dismiss an appeal for the alleged reason that the amount in controversy is less than $250. The record is as follows: A complaint was filed in the District Court of Portland on August 6, 1924, to recover the sum of $260 alleged to have been due plaintiff, as executor, together with interest thereon at 6 per cent from the thirteenth day of April, 1924. The answer was filed on September 19, 1924, which denied any indebtedness except the sum of $29.73, which was tendered together with accrued costs and disbursements. The reply was filed October 15, 1924. Trial was had November 28,

See 2 R. C. L. 35.

1924, which resulted in a judgment for $29.73 and accrued costs. Notice of appeal was filed December 20, 1924, and the undertaking on December 26, 1924. Trial was had in the Circuit Court October 9, 1925, which resulted in a verdict for plaintiff for $235.87. After the signature, this memorandum appears on the verdict:

"Salary due ........................$260.00
"Less merchandise ................. 43.60

                                    $216.40
"Plus interest ..................... 19.47

                                    $235.87"

This motion depends upon our construction of the words, "the amount in controversy," used in our statute. Section 548, Or. L., as amended in 1923, reads in part as follows:

"No appeal to the supreme court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings in the case that the amount in controversy exceeds $250."

In this case the amount for which action was brought was $260, together with interest up to the date when the answer was filed and the issues made up. This would have amounted approximately to $275.70, including interest at 6 per cent. At that date the defendant tendered $29.73, leaving the amount in controversy, when the issues were made up, at $245.97.

There are many statutes similar to ours, but none in exactly the same language. In *Stewart* v. *Hanna*, 35 Wash. 148 (76 Pac. 688), where the statute prohibits an appeal when the amount is less than $200, the amount sued for was $300, and the defendant

brought and tendered into court the sum of $270. The court held that the amount in controversy in that case was the sum of $30, the difference between the amount sued for and the amount tendered. In *Ingham* v. *Harper & Son*, 71 Wash. 286 (128 Pac. 675, Ann. Cas. 1914C, 528), the complaint set up two causes of action. The first was for $22 and interest from May 8, 1911, and the second was for $170.75, with interest from the same date. The whole principal amount sued for was, therefore, $192.75. In this case it seems to have been held that the amount in litigation at the time the action was commenced determined the right of appeal, and that interest accruing thereafter could not be considered, the court saying:

"In view of the language used, we can hardly assume that the framers of the constitution intended to make the appellate jurisdiction of this court dependent upon the fortuitous circumstances of a crowded trial docket or a procrastinating litigant, which would be the case if interest to the time of trial were allowed to make up the jurisdictional amount. To so hold would, as it seems to us, deprive the word 'original' of any obvious meaning. The rule that the amount due according to the plaintiff's claim at the commencement of the action should govern in determining his right of appeal is certain and definite and more in harmony with the constitutional limitation to the original amount in controversy than any other. It is his original claim, the amount to which he would be entitled upon an immediate confession of judgment."

It is proper to say the Washington law uses the words *"original* amount in controversy." The word "original" does not appear in our statute, but such we take to be the fair implication. The statutes of Illinois declare the judgment of the trial court final

when the amount involved is less than $1,000, exclusive of costs, except in certain classes of cases. It was held in *Keiser* v. *Cox,* 116 Ill. 26 (4 N. E. 384), that accruing interest cannot be added to make up the sum necessary to give an appeal, but the amount involved is determined by the amount claimed or actually in controversy at the time the suit is first brought. The same is held in *Murphy* v. *Murphy,* 207 Ill. 250 (69 N. E. 966), and *Lydston* v. *Auburgh,* 216 Ill. 210 (74 N. E. 796), and to the same effect are· the cases of *Josuez* v. *Conner,* 75 N. Y. 156, and *Rogers* v. *Goldthwaite,* 32 La. Ann. 48. Such is the implication in cases, in the United States Supreme Court, passing on the amount necessary to give that court jurisdiction: *Tintsman* v. *National Bank,* 100 U. S. 6 (25 L. Ed. 530, see, also, Rose's U. S. Notes), and *Jenness* v. *Citizens' Nat. Bank,* 110 U. S. 52 (28 L. Ed. 67, 3 Sup. Ct. Rep. 425).

We have been cited to no case holding a different doctrine unless it be *Griffin & Adams* v. *Harriman,* 74 Iowa, 436 (38 N. W. 139). The precise matter involved does not appear to have been clearly passed upon in that case, but, even conceding that that case holds a different doctrine, it is contrary to the general current of authority and we would not be inclined to follow it.

The appeal will be dismissed.

APPEAL DISMISSED.