HARDY, Judge.
This is an action by plaintiff-lessee in which she seeks to recover damages allegedly resulting from the unlawful seizure-of clothing and other personal effects by the defendant-lessor. Defendant answered,, specifically denying the allegations of plaintiff’s petition, asserting her lessor’s lien and privilege and reconvening for the recovery of past due rent, board and indebtedness for purchases made under plaintiff’s-order and direction. From a judgment rejecting the demands of both plaintiff and defendant, the plaintiff appealed. Defend *657 ant has answered the appeal,' praying for judgment in the sum of $133.79 on her re-conventional demand. In this court defendant has further filed an exception to the jurisdiction ratione materiae, based upon the contention that plaintiff’s demands exceeded the statutory jurisdiction of the City Court of the City of Bossier City, in which the suit was filed, and by which it was tried.
On the exception to the jurisdiction it is urged that plaintiff’s claim exceeded the amount of the jurisdiction of the City Court of Bossier City, as provided under Article VII, Section SI of the Constitution, LSA, and LSA-R.S. 13:1870, subd. B. The constitutional and statutory provisions, which are appropriate to the court involved, fix the jurisdiction thereof in civil matters concurrent with the jurisdiction of the district court in cases where the amount in dispute does not exceed $1,000 “ * * * inclusive of interest and attorney fees * * * »
Counsel for defendant-appellee argues that plaintiff sued for $1,000 and interest. While this interpretation of plaintiff’s demand is correct, it must be noted from reference to plaintiff’s petition that the prayer thereof sought judgment on an unliquidated demand in the principal sum of $1,000 which would bear interest only from date of judicial demand. It follows that at the time of making the demand, no interest was due.
For the purpose of fixing jurisdiction, the thing demanded in the petition must govern; in determining the amount in dispute only interest which has accrued up to the date of institution of the suit can be considered, and interest subsequently accruing does not form a part of the demand; Rogers v. Goldthwaite, 32 La.Ann. 48. It follows that the exception should be, and accordingly it is, overruled.
Proceeding to a consideration of the merits, we observe that the record contains a statement of facts prepared and filed by the trial judge in accordance with Code of Practice Article 601 et seq. It is evident from the recitals of this statement that plaintiff was not ejected from the premises by the defendant-lessor, but voluntarily removed herself and her sister’s child, who lived with her, therefrom.
Plaintiff’s petition seeks recovery of damages in the sum of $500 resulting from the alleged invasion of her personal rights of privacy and damages of an identical sum for embarrassment and humiliation. The statement of facts does not support, in any degree, either of these alleged items of damage, and, on the contrary, establishes the fact that plaintiff’s lodgings, after her voluntary departure, were readily accessible, and that she retained in her possession a key thereto.
The record before us fails to give the slightest support to plaintiff’s claims of damage, and we are impelled to conclude that the judgment rejecting such claims is correct.
As to defendant’s reconventional demand, the record is most unsatisfactory. The judge’s statement of the testimony records the fact that plaintiff herself testified that she was in arrears on her room rent, and that defendant testified that plaintiff was indebted for room rent in the sum of $23.48, in the further sum of $54 for board and lodging for the minor child, and for a balance of $46.49 for clothing purchased for the child by the defendant, in accordance with plaintiff’s request. Despite this testimony, the trial judge rejected defendant’s reconventional demands, and, in the absence of written reasons for judgment, we can only conclude that there must have been serious question as to the satisfactory establishment of defendant’s entitlement to these claims.
Under the circumstances, we are unwilling to enter judgment on this appeal which would preclude all hope of recovery by defendant for any claims which might be properly established. We are equally loath to reverse the judgment of the trial court on such an inadequate basis as is presented *658 by the record. Accordingly, we have concluded that the interests of justice will be best served by amending the judgment appealed from to the extent of dismissing defendant’s reconventional demands as of non-suit. (
As so amended, the judgment appealed from is affirmed at appellant’s cost.