## COOPER v. DILLON ET AL.

1. **Appeal**: AMOUNT IN CONTROVERSY: HOW DETERMINED. Where no counter-claim is filed, the amount in controversy in an action is to be determined from the allegations of the petition, rather than from the amount claimed in the prayer.

*Appeal from Hardin Circuit Court.*

WEDNESDAY, JUNE 15.

THIS is an action involving the obligation of the defendants to erect and maintain a partition fence on the line between lands owned by the respective parties. It appears that, a controversy having arisen as to the obligation to erect the fence, the plaintiff applied to the township trustees, who met and determined that the fence should be built, and assigned to each party his portion thereof, and fixed a time within which the same should be erected. The defendants neglected to build the portion assigned to them, and after the time fixed by the trustees the plaintiff proceeded to erect, and did erect, the same. The trustees were thereupon called to assess the value of the defendant's portion of said fence so erected by

the plaintiff, and the plaintiff claims judgment for double the value of the fence as fixed by the trustees, and the fees of the trustees. There was a trial by the court, which resulted in a judgment for the plaintiff. Defendants appeal.

*E. W. Eastman*, for appellants.

*S. M. Weaver*, for appellee.

ROTHROCK, J.—Counsel for appellee claims that this court has no jurisdiction of the appeal because the amount in con-

1. APPEAL: amount in controversy: how determined.

troversy as shown by the pleadings does not exceed one hundred dollars, and there is no certificate of the trial judge as required by section 3173 of the Code.

No cross-claim was filed by the defendants, and the amount in controversy, as shown upon the face of the petition, must determine the question. It appears from the petition that the trustees assessed the value of the fence in controversy at $40, and that their fees amounted to $8. The prayer of the petition is as follows: " Plaintiff therefore demands judgment against the defendants in twice the amount of the value of said fence, and fees of said trustees as shown by said certificate, in all $110, and for costs." It is doubtful whether under this prayer plaintiff intended to include double the amount of the fees. But whether he did or not, he was at the most entitled to recover but ninety-six dollars, and the amount of his recovery must be fixed by the allegations of his petition, rather than by the prayer thereof. If the defendants had made default he could not have recovered $100.

Counsel for appellant claims that plaintiff was entitled to one per cent a month on the amount found by the trustees under section 1491 of the Code, and that this would make the amount in controversy exceed $100. There are two answers to this position. 1st. The petition does not claim such interest, and 2d. This action is brought under sections 1492 and 1493 of the Code, which allow a recovery of double

the value of the fence, and not one per cent a month in addition thereto.

In our opinion the amount in controversy did not exceed $100, and this court having no jurisdiction the appeal must be dismissed.

APPEAL DISMISSED.