Filed February 16, 1893.

---

No. 15,721.

## WILLIAMSON ET AL. *v.* BRANDENBERG.

JURISDICTION.—*Supreme Court.—Appellate Court.—Damages.—Surplus Averments Relating to can not Change or Acquire Jurisdiction.*—The jurisdiction of the court, Appellate or Supreme, can not be acquired nor changed by surplus averments in a pleading relating to damages, nor by claims for damages made in a complaint or cross-complaint, to which a party is not entitled to recover under any form of averments.

Williamson *et al. v.* Brandenberg.

SAME. — *Appellate Court.* — *Surplus Averments.* — *Can not Affect Jurisdiction.* — *Speculative Damages.* — *Facts and Damages Averred in Pleading Govern Jurisdiction, and not the Prayer.* — A. and B. traded horses, A. receiving a stallion valued at $310, for which he gave a horse, and his note for $150. Suit was brought on the note, and A. answered by cross-complaint, alleging fraud, and setting out certain warranties by B., which were, in effect, that the stallion was a sure foal-getter, and that he could trot a certain gait. A. claimed that the horse was not as represented, and asked damages for what he might have made had the stallion been a sure foal-getter, and for what he might have made from contests in speed had the stallion possessed the speed as represented. The defendant averred that had the horse been as represented he would have been worth $310, but that he was worth nothing as he was. There were numerous items of damages alleged in the cross-complaint, and a prayer for judgment in the sum of $1,200.

*Held,* that the damages properly averred in the cross-complaint, and for which the defendant may have been entitled to recover on proper proof do not amount to $1,000, nor do they, together with the amount appellee was entitled to recover otherwise, reach that amount, and that the jurisdiction of the cause is in the Appellate Court.

*Held,* also, that the facts as to what might have been made had the stallion been a good foal-getter, and from contests of speed if he could have trotted as represented, are too speculative and uncertain to form a basis for assessment of damages, and must be treated as surplusage.

*Held,* also, that the only elements of damages pleaded in the cross-complaint, to which the appellant, under any circumstances, is entitled to recover, is the alleged difference in the value of the horse, and the keeping and caring for him a reasonable time, until he knew, or ought to have known, that the stallion was not as represented.

*Held,* also, that the averments of facts and amount of damages averred in the pleading, and not the prayer, must govern as to the question of jurisdiction.

From the Delaware Circuit Court.

*D. T. Taylor, R. H. Hartford, R. S. Gregory* and *A. C. Silverburg,* for appellants.

*F. P. Foster, J. F. Duckwall* and *J. N. Templer,* for appellee.

OLDS, J.—The appellant and the appellee traded horses, the appellant receiving from the appellee a stallion valued at $310, in exchange for which he gave appellee another horse, valued at $125, $35 cash and his note for $150. The

appellee brought this suit on the note, and there being some question as to whether or not the note was valid by reason of having been, or claimed to have been, delivered on Sunday, a second count was added to the complaint, on account, for the $150 difference agreed to be paid between the value of the horses.

The appellant filed an answer and cross-complaint. The cross-complaint alleges the exchange of horses, the taking of the stallion at an agreed price of $310, the payment in trade and cash of $160, and the giving of a note for $150. It then alleges fraud in the transaction, on the part of the appellee. The averments were held by the Circuit Court to be sufficient and as stating a good cause of action entitling the appellant to some damages, and numerous items of damages are alleged in the cross-complaint, and there is a final prayer for judgment against the appellee for $1,200.

Among the items for damages alleged are $100 for money paid out for doctoring, treating, and caring for the horse; for services in caring for the horse fifty days, $100; for services of a person to take charge of and manage the horse during the breeding seasons of 1888 and 1889, $100; and alleges that if he had been sound and a sure foal-getter he would have served 100 mares at $10 each, and gotten them with foal, and earned $1,000. It is finally alleged in conclusion that if said stallion had been sound, free from disease, a sure foal-getter, five years old, and could have trotted a mile in two minutes and forty seconds, as the appellee represented him, he would then and there have been worth $310, but in the condition he was in he was worth nothing.

Various motions were made, and the case was finally put at issue by a reply, and a trial had, resulting in a verdict and judgment in favor of appellee for $169.22.

The measure of damages properly averred in the cross-complaint, and for which appellant may have been entitled to recover on proper proof, do not amount to $1,000, nor

do they, together with the amount appellee was entitled to recover, reach that amount. It is not necessary for us to determine with certainty the measure of appellant's damages in case he was entitled to recover, but it is certain that the principal item of damages would be the difference in the value of the horse as he was in fact and as he was represented by the appellee. The appellant would have the benefit of his contract, and be entitled to recover the difference in the value of the horse as he was represented and as he was in fact. That difference, as alleged in this cross-complaint, is $310. The fact as to whether or not he was a good foal-getter, if he was represented to be, or whether he could trot as fast as represented, may be proper to be proven and to enter into the question of the value of the horse, but what might have been made if a sure foal-getter, or from contests in speed, if he could have trotted as represented, are too speculative and uncertain to form a basis for the assessment of damage. The facts relating to these elements and qualities of the horse may be shown for the purpose of determining his value. It is possible that, in addition to the difference in value, under some circumstances, he may have been entitled to recover for the keeping and care of the horse until he had a reasonable time to have ascertained the fact that the horse was not as represented. The jurisdiction of the court can not be acquired or changed by surplus averments in a pleading relating to damages, nor by claims for damages made in a complaint or cross-complaint to which a party is not entitled to recover under any form of averments. The only elements of damages pleaded, to which the appellant, under any circumstances, is entitled to recover is the alleged difference in the value of the horse and the keeping and caring for him a reasonable time, until he knew, or ought to have known, that he was not as represented.

There can, we think, be no doubt as to the amount put in issue in this case by the cross-complaint, for it is clear

that a fair construction of that pleading is that the controlling averments allege the horse to be of $310 less value, as he in fact was, than he would have been if he had been sound and a good foal-getter, and could have trotted a mile in two minutes and forty seconds, as represented, and the value of his keeping until it was ascertained that he was not as represented. The averments in relation to the amount that would have been earned by the horse had he been sound—that he would have served an additional number of mares, and got an additional number of colts —are mere surplusage, in so far as being a basis for the assessment of damages.

There is no fair reason for debate on the question of the right to recover a separate fixed sum under the averments of the complaint, for the amount the horse would have earned for getting colts which he would have begotten by mares served or which would have been brought to him and been served by him, had he been sound as represented. The fact that he was unsound and not a reasonably sure foal-getter, if such was the fact, might, as we have heretofore said, been proven and considered in estimating the true value of the horse, but that it can not, under the averments of the cross-complaint, be considered as an item for which a separate fixed sum for damages should be fixed, is too clear for fair and reasonable debate. If we were to hold otherwise there would be no case for damages for fraud, of the most trivial character, but what mere speculative damages of the most remote and wildest character might not be alleged as a mere incident in the complaint, and take from the Appellate Court jurisdiction of the cause.

The only elements of damages which, by a reasonable construction of the cross-complaint, it can be construed to attempt to plead, is the difference of value in the horse as he, in fact, was and as represented to be, and the care of him until the fraud was ascertained; and it may be a de-

batable question as to whether the latter element is properly pleaded.

The averments of facts and amount of damages averred in the pleading, and not the prayer, must govern as to the question of jurisdiction. Were it otherwise, the jurisdiction in case of a suit on a promissory note for one hundred dollars might be controlled by the prayer of the complaint, and taken from the Appellate Court, where it belongs, by the demand for judgment exceeding one-thousand dollars. The cross-complaint in this case, in the concluding averments, sums up the damages sustained by reason of the unsoundness of the horse, his defect on account of not being sound, a sure foal-getter, and not being able to trot a mile in two minutes and forty seconds, as represented, and fixes the damages sustained by all of such defects, on account of the fraud, at $310, averring that if the horse had been perfect, as represented, he would have been worth that amount, but as he was, he was worth nothing. These averments relate to the proper measure of damages, and are controlling, and limit and fix the amount of damages at $310, and even if it be construed to include averments alleging damages on account of the keeping of the horse, the whole damages thus stated and alleged on account of the difference in value and the keeping amount to but $610, which sum, if for the purpose of determining jurisdiction, be added to the amount claimed in the complaint, or the amount recovered by the appellee, and with which he is satisfied, does not amount to $1,000, and hence the Appellate Court has jurisdiction of this cause. *Anchor Milling Co. v. Walsh,* 97 Mo. 287, supports the conclusion we have reached.

This cause is, therefore, ordered certified to the Appellate Court.

Filed December 16, 1892.