J. & T. BRANDENBURG v. KONRAD KELLER, *et al.*, Defendants.

APPEAL—DISMISSAL—NOTICE.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

THURSDAY, DECEMBER 11, 1896.

ACTION in equity for the foreclosure of a mortgage for the payment of an amount alleged to be due on a promissory note it was given to secure. There was a hearing on the merits and a decree for the plaintiffs.—*Dismissed.*

*Blake & Blake* and *La Monte Cowles* for appellants.

*Power, Huston & Power* for appellees.

ROBINSON, J.—On the twenty-fourth day of April, 1886, Fred Peterson and Margaretha Peterson, made to the plaintiffs a promissory note for the sum of five hundred and fifty dollars, with interest thereon at the rate of eight per cent per annum, payable three years after its date  To secure the payment of the note, the Petersons executed a mortgage on a lot in an addition to the city of Burlington.  They afterward sold and conveyed the lot to the defendants, Konrad Keller and Henry Keller, who now own it  The other defendants are alleged to have some interest in the mortgaged premises.  The Petersons are now non-residents of this country, and the action is brought for the foreclosure of the mortgage and sale of the lot for the payment of the amount due on the note.  The district court rendered a decree of foreclosure as prayed.

The defendants claim that the amount due on the note was fully paid on the eighteenth day of January, 1890.  In view of the disposition we are required to make of the case, we deem it proper to say that we have read the record with much care, and are satisfied that the amount due on the note was paid to Theodore Guelich at the time stated, but was never accounted for by him to the plaintiffs.  There is much conflict in the evidence in regard to the authority of Guelich to receive the money, but, as the note and mortgage are in the possession of the plaintiffs, the burden was on the defendants to show that the payment to Guelich had the effect to pay the note.  We strongly incline to the opinion that the record submitted to us fails to show that Guelich was authorized to receive the money for the plaintiff, and that the preponderance of the evidence shows that he was not. But we have searched the record carefully, without success, to find evidence that an appeal has been taken from the decree of the distric

court. We do not find any reference to an appeal. Since it is not shown that this court has jurisdiction of the case, we cannot do otherwise than to dismiss it.—DISMISSED.