J. P. HIATT V. PETER NELSON, Appellant

APPEAL CERTIFICATE—ESSENTIALS—DENIAL IN ABSTRACT.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, DECEMBER 12, 1896.

THIS is an action to recover the rent reserved in a certain lease made and executed by one William Crowby to the defendant, for the term of one year from and after the first day of March, 1891, at the agreed rental of one hundred and sixty dollars per year.

The defendant admitted the execution of the lease, and further pleaded that the plaintiff's assignor failed and refused to give him the possession of the premises at the time agreed upon, and that by reason thereof he has been damaged to the sum of one hundred and fifty dollars. Defendant further says that he paid eighty dollars on the contract before he was fully aware of the extent of his damage, and that this was more than he owed the plaintiff's assignor under the lease, and he asks judgment for the sum of one hundred and fifty

dollars, in addition to the eighty dollars still alleged to be due the plaintiff. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Dismissed.*

*Byron W. Preston* for appellant.

*Bolton & McCoy* and *F. D. Reid* for appellee.

DEEMER, J.—The first question to be considered is, whether a certificate is necessary to give us jurisdiction.

The plaintiff asks judgment for eighty dollars, the balance which he claims is due him on the lease executed by defendant.

In his original answer the defendant admitted the execution of the lease, but claimed that he was damaged by failure to get possession of the premises at the time agreed upon in the sum of one hundred and fifty dollars, and he asked judgment against plaintiff for costs.

In an amended answer and counter-claim, filed after the verdict was returned, and at the same time the certificate hereinafter referred to was granted, defendant asked "judgment for the said sum of one hundred and fifty dollars in addition to the eighty dollars still alleged to be due by the plaintiff."

It is manifest that when the case was tried, there was but eighty dollars involved, and it further appears that there was no issue taken on the amended answer and counter-claim. Indeed, it seems to ha e been disregarded by the parties and by the court, for the court proceeded to grant a certificate for an appeal to this court. Moreover, the pleadings, as amended, show that under the facts as stated, the defendant could not have obtained judgment for more than the difference between the rent received, eighty dollars, and the amount of the damages, one hundred and fifty dollars—or seventy dollars. We have frequently held that the amount in controversy is to be determined from the allegations of the pleadings rather than from the prayer thereof. *Cooper v. Dillon,* 56 Iowa, 367 (9 N. W. Rep. 302).

The certificate, in so far as material, is as follows:

"I, A. R. Dewey, judge, * * * do hereby certify that there is a question of law which arose in the trial of this cause, upon which it is desirable to have the opinion of the supreme court. Said question is as follows:"

The certificate does not state that the question certified is involved in the case, and it is therefore, insufficient. *Lamb v. Ross,* 84 Iowa, 578 (51 N. W. Rep. 48); *Connor v. Bennke,* 100 Iowa, 747 (69 N. W. Rep. 414).

II. If it should be conceded that a certificate was not necessary to give us jurisdiction, yet we could not consider the case on its merits, for the reason that appellee states in his amended abstract "that the amended abstract, together with the abstract of appellant, does not contain all the evidence." This statement is not denied by appellant

The record discloses, that at the conclusion of the evidence, plaintiff moved the court to instruct the jury to return a verdict for plaintiff for the sum of ninety-one dollars and fifty cents, and that this motion was sustained.

The questions argued involve a consideration of the evidence, and, as we do not have it all, they cannot be considered. We do not have jurisdiction: and the case is DISMISSED.