THE INCORPORATED TOWN OF CENTRAL CITY, Plaintiffs,
v. GARRY TREAT, *et al.*, Supervisors, Defendants.

**Appeal:** AMOUNT IN CONTROVERSY.  The amount in controversy is
determined by the averments of the pleadings, not by the demand
for judgment.

RULE APPLIED.  Personal property was listed in a town by an execu-
tor who then resided in another district of the same county, and
was taxed one hundred and sixty-eight dollars, of which twenty-
five dollars was for the benefit of said town.    The county supervis-
ors ordered the assessment transferred to the district in which
he resided, and that twenty-five dollars be refunded.  *Held*, that
on *certiorari* by the town to annul the action of the supervisors,
the amount in controversy was but twenty-five dollars.

*Appeal from Linn District Court.*—HON. WM. G.
THOMPSON, Judge.

TUESDAY, FEBRUARY 2, 1897.

CERTIORARI proceedings to review and annul a
certain action taken by the board of supervisors of
Linn county in regard to taxes.  A demurrer to the
petition was filed and sustained, and, the plaintiff
having refused to plead further, judgment was ren-
dered in favor of the defendants for costs.—*Dismissed.*

*J. C. Davis* for plaintiff.

*J. M. Grimm, Gray & Haas,* and *Giffen & Voris*
for defendants.

ROBINSON, J.—The facts stated in the petition are
substantially as follows:  The plaintiff is an incor-
porated town of Linn county, and the defendants are
members of the board of supervisors of that county.
In October, 1893, Sarah M. Haas, a resident of the

town of Central City, died testate, and William
Haas was appointed executor of her estate. That
included money, notes and other personal property of
the value of five thousand dollars. In February,
1894, the executor listed that property for taxation in
the town of Central City, and it was duly assessed
and returned to the county auditor for taxation, and
was taxed the sum of one hundred and sixty-eight
dollars, of which twenty-five dollars were levied for
the benefit of the plaintiff. When the assessment was
made, the executor did not reside in Central City, but
in the township of Maine; and in April. 1895, he filed
a petition with the board of supervisors of Linn
county, in which were stated the facts in regard to the
residence of the decedent, the assessment of her per-
sonal property, and his own residence when the
assessment was made, and asked the board to correct
the assessment, to ascertain the amount of taxes
which would have been due had the property been
assessed in Maine township, and to refund to him the
amount paid for the benefit of the district embraced
in the incorporated town of Central City. The board
of supervisors, without notice to, or appearance by
the plaintiff, ordered the county treasurer to transfer
the assessment from Central City to Maine township,
and that a rebate of twenty-five dollars be paid to
the executor from the corporation tax of Central
City, and fifteen dollars from the funds of the Cen-
tral City district. The remainder of the district tax
of fifty dollars was transferred to the district town-
ship of Maine. The petition alleges that the board
of supervisors exceeded its jurisdiction, and acted
illegally in directing the treasurer to transfer the
taxes and funds from the plaintiff to the township of
Maine, and in rebating and directing the treasurer to
refund to the executor the sum of twenty-five dol-
lars. The petition asks that the defendants be

required to certify their proceedings with reference to the transfer and rebate of funds to the executor, and the decision and order of the board of supervisors thereon, and that the proceedings be annulled and set aside, and declared to be illegal and void.

The defendants claim that this court does not have jurisdiction to decide this cause on the merits, for the reason that the amount in controversy is less than one hundred dollars, and the trial judge has not certified any question of law for our determination. The plaintiff asks that the entire proceedings of the board of supervisors be set aside, and they relate to a tax of one hundred and sixty-eight dollars. But it is the rule that the amount in controversy is not to be determined by the demand for judgment, but by the averments of the pleadings. *Cooper v. Dillon*, 56 Iowa, 367 (9 N. W. Rep. 302). Examining the petition in this case, we find that the only interest which the plaintiff has in the subject-matter of the controversy is the alleged right to the twenty-five dollars which were refunded to the executor. It has no interest in the school money refunded, nor in the transfer of the assessment from Central City to the township of Maine, excepting as it involved the payment of the twenty-five dollars to the executor. It does not claim authority to represent any of the other beneficiaries of the taxes levied, and only seeks to protect its own interests. No judgment involving more than twenty-five dollars could have been rendered had the averments of the petition been confessed. We therefore conclude that "the amount in controversy between the parties, as shown by the pleadings, does not exceed one hundred dollars," and that a certificate of the trial judge was required, under section 3173 of the Code, to permit an appeal to be taken. As a certificate was not given, this court does not have jurisdiction of the case, and it is DISMISSED.