[No. 3014.   Decided April 10, 1900.]

CHAS. LEAVITT et al., Appellants, v. F. L. CARR, Respondent.

APPEAL—AMOUNT IN CONTROVERSY.

In an action against a surety upon a supersedeas bond given in certiorari proceedings, to recover the amount of the judgment and costs, together with an attorney's fee for defending the certiorari proceedings, the claim for attorney's fee is not a part of the judgment or amount in controversy; and where the sum sued for, without the claim for attorney's fee, does not exceed the sum of $200, the supreme court has no jurisdiction on appeal.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge.   Appeal dismissed.

*Austin E. Griffiths* and *J. A. Hutcheson (Greene & Griffiths,* of counsel), for appellants.

*George D. Schofield,* for respondent.

PER CURIAM.—Appellants in 1896 obtained judgment before a justice of the peace, against one Chambers, for $119.84. Chambers thereafter sued out a writ of certiorari to the superior court, and executed a bond staying the proceedings in the justice court. The superior court set aside the judgment of the justice court. Appellants then appealed to this court, which reversed the judgment of the superior court, with instructions to dismiss the certiorari proceedings. The superior court thereupon dismissed the judgment, and entered judgment for costs in favor of appellants for $66.55, which has not been paid. Thereafter

appellants commenced this action upon the bond against the surety thereon (respondent here) for $82.99, the balance due on the justice court judgment, with interest, and $66.55 costs, and a claim for $100 attorney's fees paid in defending the certiorari proceedings in the superior and supreme courts. Respondent moves to dismiss the appeal for want of jurisdiction, because the amount in controversy does not exceed $200, and the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute is not involved. The claim for $100 attorney's fees is certainly not a part of the judgment or amount in controversy. The motion to dismiss must therefore be granted. See § 4650, Bal. Code.