## SEWARD v. STEELEY ET AL.

[No. 3,993. Filed November 6, 1902.]

APPEALS.—*Jurisdiction.*—*Justice of the Peace.*—A complaint on account specifically averred that the amount due was $174.77. The bill of particulars footed up the same, and the demand was for $200. *Held,* that the action was within the jurisdiction of a justice of the peace, although the complaint contained an allegation that there was due on the account "six per cent. interest" from a specified date; and that therefore no appeal would lie to the Appellate Court, under §6 of the act of March 12, 1901 (Acts 1901, p. 566).

From Monroe Circuit Court; *W. H. Martin,* Judge.

Action by James G. Steeley and others against Isabella K. Seward. From a judgment for plaintiffs, defendant appeals. *Appeal dismissed.*

*J. B. Wilson* and *J. E. Henley,* for appellant.

*H. A. Lee, H. C. Duncan* and *I. C. Batman,* for appellees.

COMSTOCK, J.—This action was commenced by appellees against appellant on an account before a justice of the peace.

The complaint alleged that there was due $174.77, balance of the account; that there had been long and unnecessary delay in the payment thereof; and that there was due thereon six per cent. interest from the 1st day of January, 1898. The prayer is for judgment for $200. The bill of particulars filed with the complaint foots up $174.77. Judgment was rendered by the justice in favor of the appellee for $174.77. Upon appeal to the circuit court, judgment for the same sum was rendered in favor of appellee; from that judgment this appeal is taken.

Appellees file their motion to dismiss the appeal, and brief in support thereof, upon the ground that the case is within the jurisdiction of a justice of the peace, and that, under §6 of an act concerning appeals (Acts 1901, p. 565), is not appealable. Said section is as follows: "No appeal shall hereafter be taken to the Supreme Court or to the Appellate Court in any civil case which is within the jurisdiction of a justice of the peace except as provided in §8 of this act." This case is not within the exception specified. The appeal was not filed until after the law denying the right to appeal had gone into effect.

It remains then to determine whether the case is within the jurisdiction of a justice of the peace. We quote from *Mitchell* v. *Smith,* 24 Ind. 252: "The cause of action first filed was in the form of an account, the footing upon which was $200, though the correct aggregate of the items was $200.75. This was indorsed thus: 'Demand $176.75.' The amount footed on the account, as filed with the justice, ought, we think, to be taken as the amount for which judgment was demanded, in the absence of any other statement of the demand. If this be correct, it is unnecessary to determine whether the demand on the back of the paper ought to be regarded as a part of the complaint, though the indulgence which has always been extended to pleadings in justices' courts, in this State, would, doubtless, justify us in so re-

garding it." *Second Nat. Bank* v. *Hutton,* 81 Ind. 101, was a suit commenced before a justice of the peace. The complaint alleged that appellee was indebted to appellant in the sum of $200 for money had and received by him for appellant's use, and in the further sum of $200 for money collected by him as the property of appellant. The prayer of the complaint was: "Wherefore plaintiff claims judgment, by reason of all the foregoing matters alleged herein, in the sum of $200, and interest and costs." With the complaint appellee filed a bill of particulars as follows: "The plaintiff in this action, on the common counts, files the following bill of particulars: The plaintiff held a claim on the estate of Burtch, Knox & Co., of Preble county, Ohio, assigned to it by Leander Marshal, being dividend on about $3,300, Lee M. Richey and others being assignees. A dividend was declared in favor of plaintiff's claim, of $195, and defendant collected and appropriated the same to his own use, and the plaintiff claims the $195." The court held that ordinarily in a civil action, if the amount for which judgment is demanded in the prayer of the complaint exceeds $200, the justice will have no jurisdiction, but after quoting from *Mitchell* v. *Smith, supra,* said: "Surely, the bill of particulars filed with the complaint ought to be considered as a controlling part thereof, for the purpose of determining" whether the amount in controversy is within the jurisdiction of the justice.

The question of jurisdiction must be determined from the facts pleaded in the complaint under consideration. The amount specifically stated to be due, and the amount demanded, did not exceed $200, and under *Mitchell* v. *Smith, supra,* and *Second Nat. Bank* v. *Hutton, supra,* is within the jurisdiction of the justice. The appeal is dismissed.