[No. 7428.   Decided January 2, 1909.]

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Appellant*,
v. VINCE H. FABEN, *Respondent*, F. JOSEPH ROE,
*Defendant.*[1]

APPEAL—ORDERS REVIEWABLE—AMOUNT IN CONTROVERSY—DISMISS-
AL.   Upon motion to dismiss an appeal because the original amount
in controversy was less than $200, the supreme court may inquire
into the merits so far as may be necessary to determine the fact of
jurisdiction.

SAME.   In an action upon an indemnity contract, the original
amount in controversy, governing the jurisdiction of the supreme
court on appeal, does not include a claim for attorney's fees inciden-
tal to the prosecution of such action.

Appeal from a judgment of the superior court for King
county, Frater, J., entered January 6, 1908, in favor of the
defendants, dismissing on the merits an action upon an in-
demnity, after a trial before the court without a jury.
Appeal dismissed.

*William W. Wilshire,* for appellant.
*Larrabee & Wright,* for respondent.

HADLEY, C. J.—This action was brought by the plaintiff,
a surety company, to recover from the defendants an amount
alleged to be due on a written instrument to indemnify the
plaintiff.   It is alleged that the plaintiff executed and de-
livered to the defendants a cost bond, on appeal to the su-
preme court of the state of Washington, in the penal sum of
$200, the appeal having been taken by the defendant Roe in
a cause in which he was plaintiff and the Standard Furniture
Company was defendant; that Roe was the principal in the
cost bond, and this plaintiff was sole surety; that in consid-
eration of the execution and delivery of the bond by the plain-
tiff, the defendants in writing promised the plaintiff that

[1]Reported in 98 Pac. 764.

they would be held and obligated to the plaintiff to pay the premium of $5 per annum on said cost bond, and to indemnify the plaintiff and save it harmless from all loss, costs, charges, suits, damages, counsel fees, and expenses of whatever kind or nature which it might, for any cause at any time, sustain or incur by reason or in consequence of having executed said bond; that afterwards the appeal was dismissed by order of the supreme court, and a judgment for costs was given against Roe, as principal, and this plaintiff, as surety on the cost bond, in the sum of $87.15; that Roe as principal failed to pay the judgment, and this plaintiff was compelled to, and did, pay it, on June 4, 1906. It is alleged that demand was made of the defendants, before the bringing of this suit, that they reimburse the plaintiff by the payment to it of said sum of $87.15, and that they wholly failed to do so. Judgment is demanded against both defendants for said sum, and also for the additional sum of $125 on account of counsel fees alleged to have been incurred by plaintiff in the prosecution of this action. No service was made in this action upon the defendant Roe; and the defendant Faben answered separately, denying that he signed the application for the appeal bond in the manner alleged in the complaint, and averred that, if he signed the application at all, there was no consideration received by him for doing so, and that his signature was for the sole purpose of identifying the applicant for the bond, the defendant Roe, and of verifying the statement of the latter. The cause was tried by the court without a jury, and resulted in a judgment of dismissal, with prejudice, in favor of the defendant Faben. The plaintiff has appealed.

The respondent has moved to dismiss this appeal, on the ground that the original amount in controversy is insufficient to give this court jurisdiction of the appeal. It will be remembered from the foregoing statement of the case that the amount demanded before bringing this suit was $87.15, and that a further demand was made in the complaint for $125 as attorney's fees incidental to the prosecution of this

suit. The real question raised by the motion is whether the amount of the demand for attorney's fees can be considered in determining whether the "original amount in controversy" is within the jurisdiction of this court. Appellant argues that the questions raised by the motion cannot be determined without an examination into the merits. In any event, when the jurisdiction of this court is challenged, it becomes necessary to ascertain from the record whether jurisdiction in fact exists, and in so far as an examination into the merits may be necessary to determine the question, it is the duty of the court to make reference thereto.

This is undoubtedly a civil action at law for the recovery of money, and it is provided by §4, art. 4, of our state constitution, that the appellate jurisdiction of this court shall not extend to such actions when the original amount in controversy does not exceed $200. The same provision is also made by statute, Bal. Code, § 4650 (P. C. § 4330). We believe that the word "original," as used in the constitution and statute, was for a significant and definite purpose, that purpose being precisely what the ordinarily accepted meaning of the word would indicate. The word is defined as follows: "Pertaining to the origin or beginning; preceding all others; first in order; primitive; pristine." It seems manifest from a consideration of the above definition that the amount in controversy to which the appellate jurisdiction of this court extends must be that which was in actual dispute from the beginning before the action was brought, and that it does not include claims for attorney's fees or otherwise, which are merely incidental to the suit which was brought for the recovery of the original amount. The action was not primarily brought to recover attorney's fees, but to recover the original amount in dispute. A different interpretation would permit a party bringing an action to transgress upon good faith in order that he might reach this court with a controversy. For example, he might bring a suit to recover $50, and claim an attorney's fee in the action for the sum

of $151. If the amount claimed as an attorney's fee should have to be considered together with the original amount in controversy in determining the question of jurisdiction, then this court would have to assume jurisdiction and review the cause although the person bringing the suit might well have known that, if he was entitled to recover an attorney's fee at all, it could not reasonably exceed $25.

The constitutional provision was intended to prevent this court from reviewing controversies over small amounts, and it was not intended to place it within the power of a party to accomplish a review of his case here by merely adding to the original amount a demand for a sum which he himself may arbitrarily fix and as a mere incident to his suit. This interpretation in no sense deprives the appellant of the right to recover. If its contract is such as gives it the right to recover attorney's fees incidental to the principal recovery, that right may also be enforced. The original amount in controversy is within the jurisdiction of a justice of the peace. But if that tribunal cannot afford adequate relief, including an attorney's fee, the superior court is open to appellant with ample facilities by way of jury trial or otherwise to investigate the controversy. The constitution and the statute give to appellant the privilege of submitting his case to either of the tribunals mentioned, but for the reasons above stated, both explicitly provide that he cannot avail himself of the appellate jurisdiction of this court.

The appeal is therefore dismissed for want of jurisdiction in this court.

DUNBAR, MOUNT, CROW, and FULLERTON, JJ., concur.
RUDKIN and CHADWICK, JJ., took no part.