[No. 12671.  Department One.  June 21, 1915.]

M. A. JAKLEWICZ, *Respondent*, v. ARTHUR LENHART,
*Appellant*.[1]

PLEADING—COUNTERCLAIM—SUFFICIENCY.  In an action to recover
on contract for obtaining persons to log plaintiff's land, a counter-
claim for damages by reason of the negligence of the loggers, states
no defense or claim against the defendant.

APPEAL—DECISIONS APPEALABLE—AMOUNT IN CONTROVERSY—FICTI-
TIOUS COUNTERCLAIM.  The supreme court has no jurisdiction of an
appeal from a judgment on a demand for less than $200, where the
appellant's so-called counterclaim was purely fictitious so far as
legal liability was concerned and no proof was offered in support
of it.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered October 22, 1914, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action on contract.  Appeal dismissed.

*Arthur Lenhart*, for appellant.

*F. W. Loomis*, for respondent.

HOLCOMB, J.—Respondent brought action against appel-
lant to recover the sum of $100, alleging an oral agreement
that he was to procure, or introduce to appellant, persons
who would take the job of logging appellant's land, and that
if the persons so introduced to appellant took the job and
worked at it for thirty days, appellant would pay respondent
$100; that, in accordance therewith, he introduced to appel-
lant persons who logged the timber for more than thirty
days, and that respondent performed his part of the agree-
ment.  Appellant answered, denying respondent's allegations,
and alleging that the agreement was that respondent should
procure persons who would take the contract to do the log-
ging for $4 per thousand for fir and spruce, and $4.50 per
thousand for hemlock and cedar, for which appellant would

[1]Reported in 149 Pac. 642.

pay respondent $100 when the persons so procured had been
working at the logging for thirty days; that respondent
failed to procure persons who would take the job of logging
at $4 per thousand for fir and spruce, and $4.50 per thou-
sand for hemlock and cedar; that the persons so procured
would not accept the logging job for less than $4.25 per
thousand for fir and spruce and $4.50 per thousand for hem-
lock and cedar; that respondent refused to procure other
persons who would accept the work at the prices specified by
appellant; that appellant awarded the contract for logging
to the persons introduced by respondent, at the prices of
$4.25 for fir and spruce, and $4.50 for hemlock and cedar.
These allegations constituted a direct issue between respond-
ent and appellant as to the terms of the contract and per-
formance thereof. There were then further affirmative al-
legations, by which appellant attempted to set up a counter-
claim by way of damages against respondent, in that the per-
sons who did the logging performed the same in a slow and
dilatory manner so that the price of logs dropped one dollar
per thousand in the market; that they could have placed on
the market, before the price dropped, at least four hundred
thousand feet of logs, and that, by reason of their failure
so to do, appellant was damaged $400. A demurrer to the
affirmative matter in the answer was overruled, on the theory,
perhaps, that the affirmative allegations as to the contract
with respondent stated a valid defense and were so inter-
woven with all the affirmative allegations they could not be
separated on general demurrer. Respondent then replied by
way of general denial to the affirmative matters in the answer
which were inconsistent with respondent's allegations, and
the cause proceeded to trial before the court and a jury, and
a verdict and judgment against appellant for the sum of
$100 and interest resulted.

Respondent moved to dismiss the appeal on the ground
that the amount in controversy is less than $200, and that
this court has no jurisdiction. The noted motion was denied

and passed to decision on the final hearing, since, *prima facie*, appellant appealed from an adverse judgment wherein his nominal counterclaim of $400 was involved. It is thoroughly obvious that appellant's alleged counterclaim stated no semblance of a cause of action or counterclaim against respondent. If it could be said to state any grounds of recovery at all, it could only be against the persons who did appellant's logging, who were not parties to this action.

As to the form of decision herein, it is immaterial whether we in form dismiss the appeal or merely affirm the judgment. The record makes manifest that appellant did not even offer to introduce evidence in support of his attempted counterclaim. Had he done so, of course it should, and probably would, have been rejected. The issue as to the terms of the agreement was properly submitted to the jury under fair and appropriate instructions.

Numerous errors are claimed by appellant in the rulings of the court upon the cross-examination of witnesses by appellant, the admission and exclusion of evidence, in giving and refusing instructions to the jury, and in denying his motion for a new trial. With a feeling of consideration for and deference to appellant, we have carefully and patiently examined the entire record and find no error worthy of consideration. We do not feel inclined to establish a precedent whereon a practice may grow imposing jurisdiction upon this court in appeals when none exists in substance under the law. On the face of his pleading, appellant's alleged counterclaim was purely fictitious so far as any legal liability of respondent was concerned. Nor did appellant attempt to preserve the substance of it by offering proof in support of it at the trial. Our appellate jurisdiction extends, in suits for the recovery of money or personal property, only to cases where the original amount in controversy or the value of the property exceeds the sum of $200. Const., art. 4, § 4. The amount in controversy is determined by the allegations of the pleading, not by the demand of the suitor. *Ingham v. Harper*

*& Son*, 71 Wash. 286, 128 Pac. 675, Ann. Cas. 1914 C. 528. There was no amount in controversy between appellant and respondent exceeding $200.

The appeal is therefore dismissed at cost of appellant.

MORRIS, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.