[No. 13025. Department One. August 21, 1916.]

JOHN SHERMAN, *Appellant*, v. MRS. T. A. BABCOCK, *Respondent*, KATIE JAMIESON, *Defendant*.[1]

APPEAL — AMOUNT IN CONTROVERSY — PLEADINGS — INTEREST. The amount in controversy limiting the right of appeal being determined by the pleadings, appeal does not lie where the demand in the complaint, with interest thereon to the time of the commencement of the action, was less than $200.

SAME—AMOUNT IN CONTROVERSY—PRESUMPTION. The amount involved determining the jurisdiction on appeal must affirmatively appear and will not be presumed where the principal demanded is less than $200, and the date when interest started is not given.

SAME—AMOUNT IN CONTROVERSY — PLEADINGS — OFFER OF PROOF. Where the complaint fails to show the jurisdictional amount on appeal, the defect is not cured by offer of proofs tending to show a sum due when the action was commenced in excess of the constitutional limit.

[1]Reported in 159 Pac. 781.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered July 3, 1915, upon findings in favor of the defendant, in an action on contract, tried to the court. Appeal dismissed.

*Benton Embree*, for appellant.

*Morris & Shipley* and *Paul S. Dubuar*, for respondent.

PER CURIAM.—The appellant instituted this action against the defendant, Katie Jamieson, and the respondent, Mrs. T. A. Babcock, to recover upon a written contract for the erection of a tombstone. His complaint, omitting the formal parts, was as follows:

"Comes now the plaintiff herein, and for his cause of action against the said defendants, states and alleges:

"(1)   That on the 31st day of October, 1910, the plaintiff and the said defendants entered into a written contract wherein and whereby the said defendants (the said defendant Katie Jamieson signing her name as Mrs. Robt. Jamieson) agreed to pay the plaintiff the sum of one hundred ninety dollars ($190) for furnishing and erecting a monument in the Lakeview cemetery in King county, Washington. That, pursuant to said agreement, the plaintiff did furnish and erect said monument in accordance with said contract, and such monument was duly accepted by defendants.

"(2)   That no part of said sum for so furnishing and erecting said monument has been paid, although the plaintiff has often demanded payment of the defendants therefor.

"Wherefore plaintiff prays judgment against the said defendants and each of them for the sum of one hundred ninety dollars ($190) together with interest thereon at the rate of six per cent (6%) per annum from and after May 1, 1911, and for his costs and disbursements herein incurred."

Issue was taken on the complaint by Mrs. Babcock, and, after a trial had before the court sitting without a jury, a judgment was rendered in her favor, from which this appeal is prosecuted.

The respondent moves to dismiss the appeal for the reason that the amount in controversy is insufficient to bring the

cause within the appellate jurisdiction of this court. This motion must be granted. It is a settled principle that the amount in controversy as limiting the right of appeal is determined by the averments of the pleadings, not by the demand for judgment. *Doty v. Krutz*, 13 Wash. 169, 43 Pac. 17; *Ingham v. Harper & Son*, 71 Wash. 286, 128 Pac. 675, Ann. Cas. 1914 C. 528; *Jaklewicz v. Lenhart*, 86 Wash. 138, 149 Pac. 642.

It is settled also that interest, when recoverable, may be taken into consideration in determining the amount in controversy, and if the principal sum together with the recoverable interest thereon up to the time of the commencement of the action exceeds two hundred dollars, the appellate court has jurisdiction of the appeal. *Ingham v. Harper & Son*, *supra.*

Examined in the light of these principles, we are clear that the complaint does not show that the amount in controversy brings the cause within the appellate jurisdiction of this court. From the allegations of the complaint, it will be observed that the defendants agreed to pay the plaintiff $190 for furnishing and erecting the monument. This would imply a promise to pay when the monument was erected, and being a liquidated demand, would draw interest from that time at the statutory rate. But it will be observed, further, that there is no allegation as to the time when the monument was furnished and erected. From aught that appears, this time may have been within a few months or within a few days prior to the commencement of the action, so near that time that the accumulated interest when added to the principal would not bring the amount due up to the constitutional limit.

In determining its jurisdiction, where the question is the amount involved, the court will not presume jurisdiction. The jurisdiction must affirmatively appear. It is within the power of the pleader to make the fact clear, and if he does

not do so, the presumption is that the fact is against him rather than in his favor.

It is not enough that plaintiff may have offered proofs at the trial tending to show that the sum due at the time of the commencement of the action was in excess of the constitutional limit. This does not determine the amount in controversy; that amount is, as we say, determined by the allegations of the parties, the issues as made by the pleadings.

The appeal is dismissed.