[No. 20191. Department One. January 8, 1927.]

THEODORE O. LOVELAND *et al., Appellants,* v. J. D.
RILEY, *Respondent.*[1]

[1] APPEAL (38)—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY
—ATTORNEY'S FEE AS PART OF CLAIM. Where the amount claimed
in an action to recover upon notes was less than two hundred
dollars, the supreme court has no jurisdiction of an appeal
notwithstanding the note provided for the payment of an
attorney's fee, that being merely incidental to the suit; and
the jurisdictional amount of the debt, even interest due, must
be expressly alleged in the complaint.

[2] PLEADING (101, 109)—AMENDMENT OF COMPLAINT—CONDITION OF
CAUSE—DISCRETION OF COURT. It is not an abuse of discretion
to refuse a new trial to allow the complaint to be amended so
as to include interest, where the complaint had been on file for
a year and the trial had been had.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered April 20, 1926,
upon the verdict of a jury in favor of the defendant, in
an action on contract. Dismissed.

*F. H. McDermont,* for appellants.

*W. H. Padley,* for respondent.

MAIN, J.—In the complaint in this action there are
six causes of action separately stated. The cause was
tried to the court and a jury, and resulted in a judg-
ment for the defendant, from which the plaintiffs
appeal.

The appellants were engaged in business at Iowa
City, Iowa. The respondent's place of business was
Reardan, this state. On June 23, 1922, a representa-
tive of the appellants sold to the respondent a phono-
graph and in payment thereof six promissory notes
were taken, one for twenty dollars, one for fifteen dol-
lars, and four for forty dollars each. The contract

[1]Reported in 252 Pac. 154.

made with the respondent was approved by the appellants, and they shipped to him at Reardan the phonograph. When it arrived, he refused to receive it from the railroad company. In course of time, the appellants caused it to be returned to Geneva, Illinois, where it was placed in a warehouse. The notes not having been paid, the present action was brought to enforce their collection.

[1] The respondent opens his brief with a motion to dismiss the appeal, because the original amount in controversy did not exceed the sum of two hundred dollars. The constitution of this state, Art. IV, § 4, among other things, provides that, in a civil action at law for the recovery of money, this court has no jurisdiction unless the original amount in controversy exceeds the sum of two hundred dollars. The amount in controversy as fixed by the constitution is determined by the averments of the pleadings and not by the demand for judgment. In *Ingram v. Harper & Son,* 71 Wash. 286, 128 Pac. 675, it is said:

"It is well established that the amount in controversy as limiting the right of appeal is determined by the averments of the pleadings, not by the demand for judgment. *Doty v. Krutz,* 13 Wash. 169, 43 Pac. 17; *Incorporated Town of Central City v. Treat,* 101 Iowa 109, 70 N. W. 110; *Seward v. Steeley,* 29 Ind. App. 689, 65 N. E. 216; *Williamson v. Brandenberg,* 133 Ind. 594, 32 N. E. 834; *Schacker v. Hartford Fire Ins. Co.,* 93 U. S. 241."

In the present case each cause of action alleges the amount for which the note there set out was given and there is no claim for interest. There is an allegation that the note calls, in case of default, for the payment of a reasonable attorney's fee. In *Fidelity & Deposit Co. v. Faben,* 51 Wash. 308, 98 Pac. 764, it was held that the original amount in controversy as affecting the jurisdiction of this court did not include a claim

for attorney's fees incidental to the prosecution of the action. It was there said, referring to Art. IV, § 4 of the constitution:

"It seems manifest from a consideration of the above definition that the amount in controversy to which the appellate jurisdiction of this court extends must be that which was in actual dispute from the beginning before the action was brought, and that it does not include claims for attorney's fees or otherwise, which are merely incidental to the suit which was brought for the recovery of the original amount. The action was not primarily brought to recover attorney's fees, but to recover the original amount in dispute."

In *Doty v. Krutz*, 13 Wash. 169, 43 Pac. 17, it was held that the amount claimed in the *ad damnum* clause in the complaint and for which judgment was prayed, even though in excess of two hundred dollars, would not authorize an appeal to this court where it was evident from the pleadings that the original amount in controversy was less than two hundred dollars. There being no claim for interest in the complaint, other than the prayer for judgment, in order to determine whether there was a sufficient allegation of the jurisdictional amount for appeal, it would be necessary for the court to take the due date of each note and figure the interest thereon until the action was begun and add these sums to the aggregate amount of the promissory notes. In *Udall v. Steamship Ohio*, 58 U. S. 17, it was said:

"Where the claim is founded on dollars and cents, whether it be a libel, a bill in chancery, or an action at law, the damages must appear, to give jurisdiction, on the face of the pleading on which the claim is made. No computation of interest will be made to give jurisdiction, unless it be specially claimed in the libel. If not intended to be included in the claim of damages, it should be specially stated. This would certainly be the case in an action at law, and no reason is perceived why the rule should be relaxed in a case of libel."

The aggregate amount of the promissory notes in question here was one hundred ninety-five dollars. There being no claim for interest made in the complaint, other than in the prayer, and the claim for attorney's fees not aiding the jurisdictional amount, it follows that under the authorities above referred to the original amount in controversy was less than two hundred dollars.

In the case of *Sherman v. Babcock*, 92 Wash. 546, 159 Pac. 781, there was no showing when the amount claimed became liquidated and payable, and it was held that the amount involved determining the jurisdiction on appeal must affirmatively appear in the complaint, and the court will not presume jurisdiction. The question whether it was necessary to allege or claim interest in the complaint, when that amount was necessary to establish the appellate jurisdiction, was not involved in that case.

[2] The appellants, when they made their motion for a new trial, accompanied it with an application to amend the complaint and state in the various causes of action a claim for interest. This request was denied, and error is sought to be predicated upon the ruling. The question was one which rested largely in the discretion of the trial court, and there is nothing in this case to indicate an abuse of that discretion. The complaint had been on file for more than a year. The trial had been had. It may be that the respondent's preparation and conduct of the trial would have been different had the case been tried upon a complaint which would furnish the basis of an appeal.

It follows that the appeal must be dismissed, and it is so ordered.

TOLMAN, C. J., MITCHELL, FULLERTON, and HOLCOMB, JJ., concur.