[No. 21431.   Department Two.   November 15, 1928.]

J. H. BROWN, *Respondent,* v. JOHN P. NELSON,
*Appellant.*[1]

*Roberts, Skeel & Holman* and *Frank Hunter,* for appellant.

*Kerr, McCord & Ivey* and *S. N. Greenleaf,* for respondent.

ASKREN, J.—This is an action for personal injuries sustained when plaintiff was struck by defendant's automobile.   Verdict was for the plaintiff, and when judgment was entered thereon defendant entered an appeal.

But two questions are presented to us: the first arising over an amendment ordered at the time of trial; and the second being the usual one of whether respond-

[1]Reported in 271 Pac. 894.

ent was guilty of contributory negligence as a matter of law.

The complaint alleged that the defendant was driving his automobile in a wanton, reckless and negligent manner, in that he failed to keep a lookout;

" . . . that the plaintiff was plainly visible to the defendant; . . . that the defendant saw or could have seen the plaintiff within sufficient time to have avoided hitting him; . . . that there was ample room for defendant to drive his automobile between plaintiff and the curb," etc.

On Saturday afternoon preceding the trial on Tuesday, a copy of certain amendments was served on the appellant's attorney by delivery at his office, but due to his absence it was not called to his attention until the following Monday. The amendments asked for were to add to the complaint an allegation of failure of appellant to "keep his car under control and/or sound a warning; . . . to stop his automobile" and to incorporate the Seattle traffic ordinance. Objection was duly made to the amendments at the time of calling the jury, but it was overruled. This is alleged to be error.

The amendment of pleadings is peculiarly within the sound discretion of the court, and there must be a clear abuse thereof to constitute reversible error. *Hepner v. Department of Labor & Industries,* 141 Wash. 55, 250 Pac. 461; *Loveland v. Riley,* 142 Wash. 44, 252 Pac. 154.

Rule III of the rules of this court adopted January 14, 1927, provides:

. . . . . . . . . .

"8. Any amendment may be ordered to be made in a summary manner at the trial if the adverse party will not thereby be prejudiced in the conduct of his case." 140 Wash. xxxvii.

It is manifest that the only question left in considering this point is: Was there any prejudice in the conduct of appellant's case? Inspection of the complaint and the amendment indicates to us very clearly that no prejudice could result to appellant. The matters incorporated in the amendments, apart from the ordinance, were not radically different from those alleged in the complaint, and were in the nature of evidentiary matters showing how the accident happened. The incorporation of the ordinance was more or less a matter of form, since the provisions thereof were equally known to all the parties and introduced into the case no new issue constituting surprise. The point is not well taken.

The serious point urged in this case arises over the claim of respondent's negligence, which appellant insists was so clear and unmistakable as to warrant and require the court to take the case from the jury. It is the rule that where the facts are in dispute the question of negligence is for the jury. It is likewise the rule that when the facts are not in dispute, but the minds of reasonable persons might differ upon the question of whether they constitute negligence, the court must leave the decision thereon to the jury.

Our perusal of the evidence discloses that the facts in this case were in dispute upon the question of respondent's negligence, and the case is therefore brought within the first named rule. The jury had a right to believe and find from the evidence in the case that the respondent approached the street crossing, at Prospect and Fairview streets, and just before stepping onto the paved intersection stopped and looked for automobiles; that he had been familiar with the crossing for about two and one-half years; that he saw the appellant's car coming as he walked across, but knew that appellant had lots of room to go behind him; that

appellant made a left-hand turn and struck him, although if he had continued in a straight course he would have missed respondent by from five to seven feet.

It requires no argument to show that these facts do not show contributory negligence as a matter of law. In fact it may be doubted whether they show any negligence. Appellant urges that respondent was required to keep a continuous lookout for appellant's car, since he knew it was coming. But one who crosses a street at a time when an automobile is approaching is not guilty of contributory negligence in failing to continually observe it, where the pedestrian crosses in ample time to avoid the automobile in safety. A pedestrian is not bound to anticipate that an automobile driver, while crossing an intersection, in broad daylight, occupied by the pedestrian, will change the course of his automobile so that it will strike the pedestrian when without the change of course it would miss him entirely.

Some attempt has been made by appellant to establish a similarity between this case and *Mosely v. Mills,* 145 Wash. 253, 259 Pac. 715. But we are convinced that the cases are not parallel. In that action the pedestrian, seeing an automobile approaching her in the nighttime, never looked again after ascertaining that fact, but proceeded to cross twenty-three feet of unpaved street and then entered upon seventeen feet of pavement whereon the automobile was traveling. Here the respondent looked, at a point very close to the street intersection. In the Mosely case the car did not change its course; here the change of course caused the respondent to be struck by the automobile. In the Moseley case the pedestrian took no further notice of the car after stepping into the street; here the evidence

shows that the respondent kept the appellant's automobile in view practically all the time.

The question of respondent's negligence was for the jury, and the trial court correctly so ruled.

Judgment affirmed.

FULLERTON, C. J., FRENCH, MAIN, and PARKER, JJ., concur.