SPOKANE SAVINGS BANK, *Plaintiff*, v. IDA M. GILLIS,
*Individually and as Administratrix, Respondent,*
JOHN LEWIS, *Appellant.*[1]

*J. C. Farrington,* for appellant.
*Glenn E. Cunningham,* for respondent.

MAIN, J.—This was an action in interpleader, brought
for the purpose of having the defendants determine,
as between themselves, the right to a fund which was in
the possession of the plaintiff and to which there would
be accruals from time to time.   The defendants, Ida M.
Gillis, individually and as administratrix of the estate
of C. L. Gillis, deceased, who will be referred to as Mrs.
Gillis, and John Lewis, by answers, presented their
respective claims.   The cause came on for hearing be-
fore the court without a jury, and resulted in findings

[1]Reported in 14 P. (2d) 20.

of fact from which it was concluded that Mrs. Gillis was entitled to an interest in the fund in a sum less than two hundred dollars. Judgment was entered in favor of Mrs. Gillis in the sum of $184.85, with interest thereon at the rate of six per cent per annum from June 30, 1931, less $17.40, from which judgment the defendant Lewis appeals.

The facts out of which the litigation arose may be summarized as follows: October 9, 1930, one Alice Sanders was the owner of a certain tract of land in Spokane county, the legal title to which stood in the name of her brother, John Lewis, to secure an indebtedness to him. C. L. Gillis was engaged in the real estate business under the name of the C. L. Gillis Investment Company, in the city of Spokane, and the property mentioned was listed with him by Alice Sanders for sale or exchange. January 27, 1931, Mr. Gillis died, and his widow Ida M. Gillis was appointed administratrix of his estate.

Subsequently, an action was brought by Mrs. Gillis upon the listing contract, and the property which Alice Sanders owned, but which had been conveyed to Lewis, was attached. Lewis, having a prospective purchaser for the property, desired the attachment released. He and Mrs. Gillis, looking to this end, entered into a contract by which it was stipulated that the attachment should be released, and it was provided therein that any judgment which Mrs. Gillis might obtain upon the listing contract should be paid out of the purchase price of the property.

Lewis entered into a contract for the sale of the property to one Glen Watkins, made a deed to him for the same, and deposited the contract and deed in escrow with the Spokane Savings Bank. Subsequently, Mrs. Gillis obtained a judgment upon the listing contract in

the sum of $150 and costs, amounting to $34.85, and Lewis, who was one of the defendants in that action, was given costs as against Mrs. Gillis in the sum of $17.40. In these transactions, Lewis was acting for himself as well as for his sister. Under the contract by which Watkins purchased the property, he was to assume certain obligations, and the balance of five hundred dollars was to be paid at the rate of fifteen dollars per month. After the first payment was made, the present action was begun. In his answer to the complaint in interpleader, Lewis sought to have Alice Sanders made a party to this action, in order that the deed which he had received from her, which was in fact a mortgage, could be foreclosed.

Mrs. Gillis opens her brief with a motion to dismiss the appeal, on the ground that the amount in controversy does not exceed two hundred dollars. It is plain that this motion must be sustained, unless Lewis had a right, as a matter of law, to have Alice Sanders brought in and his deed foreclosed in this action as a mortgage. Lewis, having sold the property and deposited the contract and deed therefor in escrow, is in no better position than where one who has a right to redeem property makes a sale thereof and directs the holder of the legal title to convey the premises to the purchaser, and in such a case the purchaser will take title divested of the condition of the defeasance. *Deadman v. Yantis,* 230 Ill. 243, 82 N. E. 592, 120 Am. St. 291; *Harrington v. Butte & Superior Copper Co., Ltd.,* 52 Mont. 263, 157 Pac. 181; 1 Jones on Mortgages (7th ed.), p. 471. The property having been sold and the contract and deed therefor having been placed in escrow, it follows that the court did not err in refusing to cause Alice Sanders to be made a party to the action in order that the deed might be foreclosed as a mortgage.

It appearing on the face of the pleadings that the amount in controversy did not exceed two hundred dollars, and there being nothing else which would cause the appellate jurisdiction of this court to be available, the motion to dismiss the appeal is well taken. In *Jaklewicz v. Lenhart*, 86 Wash. 138, 149 Pac. 642, the appeal was dismissed because the counterclaim for damages stated no defense or claim against the defendant. It was there said:

"It is thoroughly obvious that appellant's alleged counterclaim stated no semblance of a cause of action or counterclaim against respondent. If it could be said to state any grounds of recovery at all, it could only be against the persons who did appellant's logging, who were not parties to this action."

The appeal will be dismissed.

TOLMAN, C. J., MILLARD, BEALS, and HOLCOMB, JJ., concur.