[No. 31486. Department Two. January 18, 1951.]

E. L. BAKER, *Respondent*, v. EVALD G. OLIVER *et al.*, *Appellants.*[1]

[1]Reported in 226 P. (2d) 567.

*Norman L. Schwalb,* for appellants.

HAMLEY, J.—The complaint states two causes of action. The first cause of action is to recover $28.69 for goods sold and delivered, together with interest in the amount of $4.31, making a total of $33. The second cause of action is to recover unpaid principal on a promissory note in the sum of $104.14, together with interest thereon in the sum of $46.80, making a total of $150.94. The second cause of action also asks for reasonable attorney's fees, as provided in the note, it being alleged that $75 is a reasonable attorney's fee.

The first cause of action was, by agreement, dismissed at the outset of the trial, which was had to the court without a jury. The court entered findings of fact and conclusions of law on the second cause of action indicating that plaintiff was entitled to recover $104.14, representing unpaid principal on the note, $46.80 interest, and $50 as attorney's fees, making a total of $200.94. The judgment shows a somewhat different disposition, it being provided that the plaintiff shall recover the sum of $150.94, together with costs and disbursements in the sum of $49.10, and an attorney's fee in the amount of $15, making a total of $215.04.

Defendants have appealed. Plaintiff did not file a brief, argue, or otherwise appear in this court.

We are obliged to dismiss the appeal on our own motion, for the reason that the original amount in controversy does not exceed the sum of two hundred dollars. This court has no jurisdiction unless the original amount in controversy exceeds that sum. Washington Constitution, Art. IV, § 4; *Smaby v. Shrauger,* 9 Wn. (2d) 691, 115 P. (2d) 967. We can and should dismiss an appeal on our own motion when the lack of jurisdiction is apparent. *Dygert v. Hansen,* 31 Wn. (2d) 858, 199 P. (2d) 596.

■ Where there is no question of waiver, the original amount in controversy is to be determined by the averments of the pleadings. *Sherman v. Babcock,* 92 Wash. 546, 159 Pac. 781. It includes averments as to interest due on the principal sum demanded to the time of the commencement of the action. *Ingham v. Wm. P. Harper & Son,* 71 Wash. 286, 128 Pac. 675, 1914C, 528.

■ However, attorney's fees claimed and allowed in an action are costs incident to the case, and cannot be regarded as a part of the original amount in controversy. *Durand v. Simpson Logging Co.,* 21 Wash. 21, 56 Pac. 846; *Leavitt v. Carr,* 22 Wash. 361, 60 Pac. 1044; *Fidelity & Deposit Co. v. Faben,* 51 Wash. 308, 98 Pac. 764; *Loveland v. Riley,* 142 Wash. 44, 252 Pac. 154. This is true notwithstanding that the note sued on, as in this case, provides for a reasonable attorney's fee. *Loveland v. Riley, supra.*

The reason for excluding a claim for attorney's fees in determining the original amount in controversy is stated in *Fidelity & Deposit Co. v. Faben, supra,* as follows:

"The action was not primarily brought to recover attorney's fees, but to recover the original amount in dispute. A different interpretation would permit a party bringing an action to transgress upon good faith in order that he might reach this court with a controversy. For example, he might bring a suit to recover $50, and claim an attorney's fee in the action for the sum of $151. If the amount claimed as an attorney's fee should have to be considered together with the original amount in controversy in determining the question of jurisdiction, then this court would have to assume jurisdiction and review the cause although the person bringing the suit might well have known that, if he was entitled to recover an attorney's fee at all, it could not reasonably exceed $25." (pp. 310, 311)

Disregarding the claim for reasonable attorney's fees, the original amount here in controversy is $150.94.

The appeal is accordingly dismissed.

SCHWELLENBACH, C. J., ROBINSON, MALLERY, and GRADY, JJ., concur.